THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL J. GOULD, Appellant.

Argued December 1, 1953; decided March 4, 1954.

*Harry G. Anderson* for appellant.   I. Appellant was not a " vagrant " within the meaning of section 887 of the Code of Criminal Procedure.   (*People* v. *Sohn,* 269 N. Y. 330; *People* v. *Luechini,* 75 Misc. 614; *People* v. *Pieri,* 269 N. Y. 315; *People* v. *Cowie,* 88 Hun 498; *People* v. *Ward,* 95 Misc. 508; *People* v. *Reynolds,* 300 N. Y. 616; *People* v. *Choremi,* 301 N. Y. 417.) II. Appellant's guilt was not established beyond a reasonable doubt.   (*People* v. *Ledwon,* 153 N. Y. 10; *People* v. *Plath,* 100 N. Y. 590; *People* v. *Owens,* 148 N. Y. 648; *People* v. *Pearson,* 188 Misc. 744; *People* v. *Kollender,* 169 Misc. 995; *Steinert* v. *Sobey,* 14 App. Div. 505; *People ex rel. Stolofsky* v. *Superintendent of State Inst.,* 259 N. Y. 115.)   III. Proof of appellant's good character and reputation was sufficient to create reasonable doubt of guilt.   (*People* v. *Colantone,* 243 N. Y. 134; *People* v. *Conrow,* 200 N. Y. 356; *People* v. *Sylvester,* 178 App. Div. 923.) IV. As a matter of law, appellant was improperly convicted of violating clause (b) of subdivision 4 of section 887 of the Code of Criminal Procedure.   (*People* v. *Anonymous,* 161 Misc. 379.) V. The trial court was manifestly unfair and biased against appellant. (*People* v. *Boro,* 237 App. Div. 853; *People* v. *Dryden,* 250 N. Y. 154.)   VI. The offense of which appellant was accused and convicted was wrongfully and unlawfully incited and instigated by the policewoman. (*People* v. *Mills,* 178 N. Y. 274; *Sorrells* v. *United States,* 287 U. S. 435; *People* v. *Conrad,* 102 App. Div. 566, 182 N. Y. 529.)

*Frank S. Hogan, District Attorney* (*Paul A. Stone* and *Charles W. Manning* of counsel), for respondent.   I. Defendant's guilt was proven beyond a reasonable doubt.   (*People* v. *Vatides,* 284 N. Y. 731; *People* v. *Fitch,* 282 N. Y. 777; *People* v. *Phelps,* 189 App. Div. 775; *People* v. *Mills,* 178 N. Y. 274; *People*

v. *Moore,* 142 App. Div. 402, 201 N. Y. 570.) II. Defendant received a fair trial. (*People* v. *Pindar,* 210 N. Y. 191; *People* v. *Nixon,* 248 N. Y. 182; *People* v. *Knapper,* 230 App. Div. 487.)

DESMOND, J. Defendant's conduct, vicious as it was, did not make out the offense of vagrancy under clause (b) of subdivision 4 of section 887 of the Criminal Code. Subdivision 4 condemns various aspects and incidents of pandering and prostitution. What defendant did here was to suggest to a woman of good character, that she become a prostitute under his management, and she, of course, rejected the proposal at once. In extreme literalness of interpretation, it might perhaps be said that one who makes such a rejected suggestion " offers to secure another for the purpose of prostitution ". However, it is very seldom in our criminal law that a rejected suggestion of wrongdoing amounts to a substantive crime or offense, and, even under the broad language of section 887, vagrancy is not proven unless the defendant has actually acted as a pimp or prostitute, and has gone beyond tentative steps toward entering the business. Clause (b) of subdivision 4 describes a person who offers the services of another for purposes of prostitution or offers to secure the services of another for those purposes. Defendant did neither of those things, since there is no showing that he had a prostitute or customers available, but only that he was hoping to obtain a prostitute for whom he could act as procurer.

The judgments should be reversed, and the complaint dismissed.

CONWAY, J. (dissenting). This is an appeal by permission of an Associate Judge of this court from a judgment of the Appellate Part of the Court of Special Sessions of New York City, affirming the judgment of the City Magistrate's Court of the City of New York which adjudged the defendant guilty of vagrancy as defined by clause (b) of subdivision 4 of section 887 of the Code of Criminal Procedure. The trial court imposed a sentence of imprisonment for a term of ninety days.

In January of 1952, a policewoman impersonated a young woman who had placed an advertisement in a large New York daily in an endeavor to obtain a position as bookkeeper. The advertisement had carried her telephone number and at that number the defendant had telephoned the young woman. The

defendant was admitted to the Bar but was engaged in the jewelry business. The policewoman gave the name of the young woman to whom defendant had spoken the previous day and said she had come to see him about the job which had been the subject of their discussion. The defendant, after referring to a selling position open in his business, began to make inquiries of a personal and most intimate character and then told her that her financial return could be exceptionally high if she were willing to have affairs with his customers. The following day they met at a restaurant selected by defendant in the Times Square area. They sat at a secluded table and had lunch. The defendant offered to set her up in an apartment where they would live as man and wife and said that he would give her $50 per week and buy her clothes. In addition, he said, he would arrange to send at least four men to see her daily whom she could charge $10 each for acts of sexual intercourse. Defendant also asked whether she engaged in two forms of abnormal sexual activity. He then brought her to a hotel where he was unable to obtain accommodations to suit him and then said they would seek accommodations in another hotel. The policewoman then signalled to a detective who had been following them and defendant was arrested. Those were the facts as outlined and found by the Magistrate and as affirmed below.

The defendant was charged with violating clause (b) of subdivision 4 of section 887 of the Code of Criminal Procedure. That section reads in part: *" Who are vagrants.* The following persons are vagrants: * * * 4. A person (a) who offers to commit prostitution, or (b) who offers or offers to secure another for the purpose of prostitution, or for any other lewd or indecent act; or (c) * * *."

Sexual immorality conceived of as a form of vagrancy is of fairly recent origin and is not rooted in ancient law. The English vagrancy statutes had a very different history and purpose. (See Stephen, History of the Criminal Law of England [1883], Vol. III, pp. 203, 204, 266–275.) In New York common prostitutes were classed as disorderly persons in 1788 but it was not until subdivision 4 of section 887 of the Code of Criminal Procedure was enacted in 1915 that any specific acts incidental to prostitution were made punishable as vagrancy. (L. 1788, ch. 31, § 1; L. 1915, ch. 285, § 1.)

Under clause (a) of subdivision 4 (one " who offers to commit prostitution") women have always been convicted for " offering " without doing more than the " offering " — that was the purpose of the statute. When clause (b) of subdivision 4 was enacted originally it defined as a vagrant a person " who offers or offers to *secure a female person* for the purpose of prostitution, or for any other lewd or indecent act ". (Emphasis supplied.) That, however, limited the definition of vagrancy to one who offered a female person or offered to secure a *female person* for the commission of the prohibited acts. The Legislature was not satisfied with that limitation, however, and four years later, in 1919, amended the subdivision so as to delete the words " a female person " and to substitute therefor the word " another ". (L. 1919, ch. 502, § 1.) The Legislature has the power in enacting a statute to define the terms used therein (*Matter of Bronson,* 150 N. Y. 1; McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 75; *People ex rel. Champlin* v. *Gray,* 185 N. Y. 196, 200) and by the amendment in 1919 it evidenced its clear intent to enlarge the definition of vagrant to include one who offered to secure males " for the purpose of prostitution, or  *  *  *  other lewd or indecent act ".

In view of the affirmance of the facts below, there can be no question as to the commission of acts by defendant which bring him within the provisions of clause (b) of subdivision 4. As the District Attorney writes in his brief: " The defendant argues also that the proof against him was deficient because he could not have offered to secure males ' for the purpose of prostitution,' since a male cannot commit prostitution, and because there was no proof that he was to secure them ' for any other lewd or indecent act ' (brief pp. 33–37, 38). Without dwelling upon the logical infirmities of that argument, we think it sufficient to note that the *defendant* concedes that the proof tended to establish ' that *defendant* offered others or offered to secure others to have sexual intimacies with the complaining witness ' (*id.,* p. 36), which we add, would obviously be ' lewd or indecent ' acts within the intendment of the statute." (Emphasis supplied.)

The defendant makes many contentions which we find without merit. Briefly some of them are: (a) that it was not established

that he was either without visible means of support or employment or that his living was derived from the conduct of which complaint was made or that his conduct was habitual. That is not necessary. We disposed of that contention to the contrary in *People* v. *Vatides* (284 N. Y. 731). (b) That as a matter of law he may not be convicted of the offense charged for the reason that a male cannot be guilty of committing prostitution. Assuming that to be true, under the clear wording of the statute and its history, the male may *offer another* to a male or female, for the *purpose of prostitution,* or offer to *secure another* for a male or female for the same purpose and thus be guilty of a violation of clause (b) of subdivision 4 of section 887. The words of the statute — " person " and " another " — are so all-embracing and inclusive as to make it impossible to reach the conclusion that the Legislature in using them did not mean what it said.

The judgment of the Appellate Part of the Court of Special Sessions should be affirmed.

DYE, FULD and VAN VOORHIS, JJ., concur with DESMOND, J.; CONWAY, J., dissents in opinion in which LEWIS, Ch. J., and FROESSEL, J., concur.

Judgments reversed, etc.