THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
LARRY J. MOSS, Appellant.

Argued November 16, 1955; decided January 12, 1956.

*W. Bartlett Sumner* and *Thomas L. Newton* for appellant. I. It was reversible error for the court to deny with exception defendant's motion to dismiss the information made at the close of all the evidence. (*People* v. *Gould,* 306 N. Y. 352.) II. There is insufficient credible evidence to support the violation in that the sole witness for the prosecution, on her own testimony, is unworthy of belief. III. The charges involved here are quasi-criminal. (*Commissioner of Public Welfare of City of N. Y.* v. *Kotel,* 256 App. Div. 352; *Commissioner of Public Welfare of City of N. Y.* v. *Ryan,* 238 App. Div. 607; *People* v. *Johnaken,* 196 Misc. 1059.)

*John F. Dwyer, District Attorney (Robert A. Burrell* of counsel), for respondent. I. The information before the trial court was sufficient and the court properly denied a motion to dismiss the information on the grounds that it was defective. (*People* v. *Gould,* 306 N. Y. 352.) II. The evidence given upon the trial was sufficient to support a finding of guilty of a violation of section 887 (subd. 4, par. [d]) of the Code of Criminal Procedure.

FROESSEL, J. Defendant was convicted of " vagrancy " under section 887 (subd. 4, par. [d]) of the Code of Criminal Procedure, and sentenced to six months in the county penitentiary. The information charged that he induced, enticed or procured the complainant to commit sexual intercourse and other lewd and indecent acts with him in his home in Buffalo. The Supreme Court, which heard the appeal, assuming that complainant was " apparently a willing participant in the immoral acts " and " an accomplice ", nevertheless affirmed the conviction.

The sole witness was the complainant, who was over twenty years of age. She was defendant's housekeeper for about a month, and admitted that she was a willing participant in the acts at least at the beginning of their occurrence. Later, she said, she became " afraid of him ", but did not leave because defendant had not told her she " could quit the job any time ", and while he was in the hospital she had to stay because " he told me to answer the 'phones ".

Accepting the factual findings below, as we must, we are of the opinion that they do not support a conviction under the statute. Section 887 of the Code of Criminal Procedure, in its various subdivisions other than subdivision 4, deals generally with unemployed persons without visible means of support; habitual drunkards who, among other things, neglect their families; beggars; tramps; persons disguised; truants; certain loiterers who have criminal records; and defines them as vagrants.

Subdivision 4 itself consists of seven subparagraphs. With respect to six of them, it is only necessary to make the following brief observations as to whom it defines as vagrants: a person (a) " who offers to commit prostitution "; (b) " who offers or offers to secure another " for prostitution or other lewd or

indecent acts; (c) who " loiters " for prostitution or pandering purposes; (e) who receives or keeps any person in a place of assignation; (f) who aids or abets " in the doing of any of the acts or things enumerated " in subdivision 4; and (g) a " common prostitute " without lawful employment.

Paragraph (d) of subdivision 4 defines as a vagrant a person " who in any manner induces, entices or procures a person who is in any thoroughfare or public or private place, to commit any such acts ". Thus this paragraph, upon which defendant's conviction rests, is interjacent to (c) dealing with loitering pimps and prostitutes and (e) aimed at the keepers of houses of prostitution. As we read paragraph (d), it seeks to strike at still another despicable participant in this ancient vice — the organizer or instigator who remains behind and above the pimps and prostitutes he enlists; it is he who is the " person　*　*　* who　*　*　* induces, entices or procures " (a) a person to serve as a prostitute, (b) another to function as a pimp, and (c) a prostitute or pimp to loiter about as a solicitor for lewdness or prostitution.

However reprehensible may be the acts here complained of, they are not such as are sought to be reached by section 887 (subd. 4, par. [d]). This statute, as we said in *People* v. *Gould* (306 N. Y. 352, 354), " condemns various aspects and incidents of pandering and prostitution ". Section 889-a of the Code of Criminal Procedure would also indicate that the Legislature regarded subdivision 4 as a general prostitution statute.

It is fundamental that the bare testimony of a complainant — here a young woman intelligent enough to have been graduated from high school at the age of seventeen, who participated in sexual relations with defendant voluntarily at least for a time — could not have supported, without corroboration, a conviction of any crime derived from such relations as, e.g., adultery, a misdemeanor (Penal Law, §§ 100, 103), rape, a felony (Penal Law, §§ 2010, 2013), or even sodomy, also a felony (Penal Law, §§ 690, 691; see Code Crim. Pro., § 399). It is therefore unreasonable to assume that where the available proof is insufficient for a conviction of any of these crimes, the Legislature intended that a defendant may nevertheless be punitively dealt with under section 887 (subd. 4, par. [d]) to the extent of

imprisonment as long as three years (Code Crim. Pro., § 891-a) for the *same* act though under a different name.

While section 887 defines vagrants and makes vagrancy a public offense rather than a crime within the definition of section 2 of the Penal Law, it '' has all the characteristics of criminal procedure and a conviction eventuates in a penal judgment and execution \* \* \* ' Proceedings against vagrants \* \* \* are as essentially punitive as any sentence imposed for crime ' '' (*People ex rel. Stolofsky* v. *Superintendent,* 259 N. Y. 115, 117–118). If the Legislature chooses to make the misconduct complained of here — where the sole evidence of privately committed acts is the testimony of an accomplice — a public offense or a crime, under whatever name, it should do so expressly.

The judgment appealed from should be reversed and the information dismissed.

Conway, Ch. J., Desmond, Fuld, Van Voorhis and Burke, JJ., concur; Dye, J., taking no part.

Judgments reversed, etc.