Joseph A. Gavagan, J.
This is an article 78 proceeding to annul the revocation of the petitioner’s hack license and to direct the respondent police commissioner to restore it. The petitioner urges that the revocation of his license was illegal since a criminal complaint, based upon the same facts, had been dismissed in the Magistrate’s Court. The respondent argues that his action was not founded upon the criminal complaint and insists that the revocation was a reasonable exercise of his discretionary power predicated upon the arresting officer’s testimony, the petitioner’s refusal to deny such testimony and upon the petitioner’s entire record as a hack driver.
The significant facts follow. The petitioner has been a licensed hack driver for nine years. He was arrested on October 19, 1956 and charged with violation of section 887 (subd. 4, par. [b]) of the Code of Criminal Procedure: offering to or soliciting persons for the purpose of prostitution. It appears that the criminal complaint was made by two ‘ ‘ plainclothes ” policemen who engaged petitioner’s taxicab and were taken to a hotel where the petitioner allegedly procured two girls for which he received $33 from the arresting officers. The only witness at the criminal trial was one of the arresting officers. After trial, the complaint was dismissed against the petitioner. Thereafter, the petitioner was directed to appear for a hearing before the hack bureau of the police department to determine his fitness to continue as a hack driver. At that hearing the same arresting officer admittedly gave the same testimony as he had given before the Magistrate. Petitioner’s counsel then objected to the inquiry on the grounds that the . petitioner had not been apprised of the charge against him and that, in any event, no hearing could be had upon the same charge dismissed by the Magistrate. The hearing was adjourned to permit the respondent to make a further investigation and *682 to make a specific charge against the petitioner. Subsequently, a notice of hearing was served charging the petitioner with violation of regulations in that he did “ solicit two males for a hotel and offer to procure two females for them. Soliciting. Actions. ’ ’ A second hearing was held with the same proof being-offered— the testimony of the one arresting officer who had testified at the criminal trial. No proof was offered by this witness bearing upon the solicitation by the petitioner for the hotel in question, whether the petitioner recommended the hotel, whether he reserved or registered for the room at the hotel, or whether he received a “ kick-back ” from the hotel. Upon the advice of counsel, the petitioner refused to answer questions relating to any matters involved in the criminal complaint. The hearing officer thereupon revoked petitioner’s license.
The Court of Appeals has definitively determined that a hack driver’s license is a property right which may not be interfered with by the exercise of statutory power except upon proper notice and after a fair hearing (Matter of Hecht v. Monaghan, 307 N. Y. 461, 468). “ The hearing held by an
administrative tribunal acting in a judicial or quasi-judicial capacity may be more or less informal. Technical legal rules of evidence and procedure may be disregarded. Nevertheless, no essential element of a fair trial can be dispensed with unless waived. That means, among other things, that the party whose rights are being determined must be fully apprised of the claims of the opposing party and of the evidence to be considered ” (307 N. Y. 461, 470).
Those constitutional requirements were not complied with by the respondent at either hearing given to the petitioner. The minutes of the abortive first hearing reveal that it was “ a fishing expedition ” to ascertain what violations, if any, the petitioner had committed. When pressed by petitioner’s counsel to state the charge against the petitioner, the hearing officer ordered an adjournment. The notice of the second hearing fell far short of informing the petitioner of the specific claims made by the respondent. The charge of “ soliciting for a hotel ” may lie here but, as stated in the notice, it was inextricably intermingled with the criminal complaint of soliciting persons for the purpose of prostitution which had been dismissed by the Magistrate.
Paragraph 39 of section 436-2.0 (former par. 41, renum. to be par. 39 by Local Law of City of New York, No. 126 of 1954, Dec. 15, 1954) of the Administrative Code of the City of New York states: “ The final determination of a magistrate with regard to a misdemeanor alleged to have been committed by a *683 driver shall be binding, and he shall not be tried again for the same offense.” While a violation of section 887 of the Code of Criminal Procedure is a public offense rather than a crime, it has all the characteristics of criminal procedure (People v. Moss, 309 N. Y. 429, 433). Dismissal of such an offense by a magistrate comes within the purview of paragraph 39 of section 436-2.0 of the Administrative Code so as to bar another trial for the same offense. Clearly, this petitioner cannot be tried again for the charge dismissed by the Magistrate.
And finally the allegations of the respondent’s answer with respect to the petitioner’s prior record must be struck. Nothing in the notice of hearing and no testimony taken at the hearings pertained to petitioner’s prior record. In Matter of Hecht v. Monaghan (supra), at pages 473 and 474, the court said: “ It may be that the hack driver’s license could have been revoked solely on the basis of the accumulation of prior violations, but that was not the ground of which the petitioner had been informed and it is the complaint which defines and limits the charge and the license may not be suspended or revoked for some reason or upon some ground other than that specified in the charge ”.
Where, as here, the quasi-judicial discretion of an administrative agency is exercised without the safeguards of a fair trial for the accused, the agency’s action against him must be annulled.
The motion is accordingly granted to the extent of remitting the matter to the hack bureau for further proceedings not inconsistent with this opinion. Settle order.