Foster, J.
Defendant, while standing about the Shelton Square Bus Terminal in Buffalo, New York, made indecent, lewd and homosexual proposals to a police officer. Charged with “'vagrancy*’ under the Code of Criminal Procedure (§ 887, subd. 4, els. [b], [c], [d]), he was convicted in the City Court of Buffalo under clauses (b) and (c). The Supreme Court, Erie County, has reversed on the law and dismissed the information.
The sole question presented is whether the acts complained of constitute vagrancy under the statute, as charged. The relevant portions of subdivision 4 of section 887 provide: ‘ ‘ The following persons are vagrants: * * * 4. A person * * * (b) who offers or offers to secure another for the purpose of *164 prostitution, or for any other lewd or indecent act; or (c) who loiters in or near any thoroughfare or public or private place for the purpose of inducing, enticing or procuring another to commit lewdness, fornication, unlawful sexual intercourse or any other indecent act.”
We have construed clause (h) of subdivision 4 as applying to so-called “pimps” or “procurers” who solicit on behalf of third persons (People v. Gould, 306 N. Y. 352). An indecent proposal or solicitation by a person on Ms own behalf does not fall within tMs subdivision and clause. ' Clause (c), however, expressly covers tMs case. The language is clear and unambiguous. One who loiters in or near a thoroughfare or public or private place, for the purpose of inducing another to commit (1) lewdness, (2) fornication, (3) unlawful sexual intercourse, (4) or any other indecent act, is classified as a vagrant. Certainly this defendant, loitering in a public place, sought to entice another to commit lewdness and indecent acts.
It is true that we have described subdivision 4 of section 887 as a general prostitution statute which “ condemns various aspects and incidents of pandering and prostitution” (People v. Gould, supra, p. 354; People v. Moss, 309 N. Y. 429), but we have never held that clause (c) of subdivision 4 does not condemn other conduct encompassed within its express language. WMle clause (c) does apply to loitering pimps and prostitutes, it applies equally to loitering homosexuals. Nor is it of any importance on tMs appeal that the defendant might have been charged with disorderly conduct (Penal Law, § 722, subd. 8; People v. Lopes, 7 N Y 2d 825; People v. Liebenthal, 5 N Y 2d 876) for his acts also constituted vagrancy.
The order of the ¡Supreme Court, Erie County, should be reversed, and the case remitted to that court for its determination of the facts in accordance with sections 543-a and 543-b of the Code of Criminal Procedure.
Chief Judge Desmond and Judges Dye, Fuld, Froessel and Burke concur with Judge Foster ; Judge Van Voorhis dissents and votes to affirm upon the ground that subdivision 4 of section 887 of the Code of Criminal Procedure is a general prostitution statute and, if guilty, appellant should have been convicted under subdivision 8 of section 722 of the Penal Law.
Order reversed, etc.