Lawrence WAGNER et al., Plaintiffs,

v.

John J. GILLIGAN, Governor et al., Defendants.

Civ. No. C 72–255.

United States District Court,
N. D. Ohio, W. D.

Jan. 25, 1977.

Frank S. Merritt, Chicago, Ill., Legal Assistance Foundation of Chicago, Norman G. Zemmelman, Toledo, Ohio, for plaintiffs.

Frederick L. Ransier, Asst. Atty. Gen., Columbus, Ohio, for defendants.

## OPINION AND ORDER

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

DON J. YOUNG, District Judge:

This cause is before the Court upon defendants' motion to dismiss the action insofar as it purports to be a class action and motion for partial summary judgment. The parties have stipulated the facts and have submitted this matter for judgment with argument on briefs as to the class claims. Fed.R.Civ.P. 56(d).

Plaintiff Wagner commenced this suit as a class action alleging violations of the constitutional rights of state prison inmates, protected by 42 U.S.C. § 1983. Jurisdiction is predicated upon 28 U.S.C. § 1343(3), (4) with monetary and injunctive relief requested pursuant to 28 U.S.C. §§ 2201, 2202.

Plaintiff Wagner alleges that defendants have violated his personal civil rights by intentionally and recklessly denying him medical attention. He seeks actual and punitive damages in the sum of $40,000.00. The remaining claims attack the constitutionality of procedures, more fully set forth below, defendants apply to determine inmates' parole release. The Court having determined previously that plaintiff Wagner's medical claim will be tried separately will not address that claim. Pretrial order filed July 30, 1973.

Before reaching the merits of the class parole claims, the Court must determine whether this action has been mooted by plaintiff Wagner's final release from all state supervision. Defendants argue that the class claims cannot survive independent of Wagner's representative parole procedure claims.

■ The motion to dismiss for mootness must be overruled. The Court certified conditionally the plaintiff class prior to Wagner's final release from state supervision. Pretrial Order filed July 30, 1973. The Supreme Court has held that the fact that the named plaintiff no longer has a personal stake in the outcome of a certified class action does not necessarily render the class action moot. If there remains before the Court a live controversy within the meaning of Article III of the Constitution, a certified class action may proceed to judgment. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 755, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *accord, Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) [parole release].

Plaintiffs allege that their rights to Due Process in parole release proceedings are violated by defendants'

1. Refusal to promulgate and rank by importance the criteria to be applied to reach parole decisions;
2. Refusal to allow or appoint counsel or a counsel substitute to assist the inmate in presenting his material to the Ohio Adult Parole Authority (hereafter Authority);
3. Refusal to allow the inmate to review at or prior to the parole hearing the totality of information before the Authority or its representatives;
4. Refusal to allow the inmate the opportunity to amplify or rebut prior to and at the parole hearing the information before the Authority; and
5. Refusal to provide the inmate with reasons for denial of parole particularized with reference to the case of each inmate and referring to facts in the case of each candidate for parole.

Plaintiffs request injunctive relief to vindicate their alleged Due Process rights.

■ Defendants contend that plaintiffs' first claim is moot because the Ohio Department of Rehabilitation has adopted and now applies administrative regulations setting forth "guidance criteria for parole consideration." The parties have stipulated that the Authority is governed solely by these regulations in making the parole release determination. Stipulations filed March 24, 1976. Because "[p]laintiffs do not suggest that these reasons or criteria for denial are inappropriate as considerations to guide and constrain the discretion of the parole board" [plaintiffs' trial brief filed March 24, 1976, p. 19], the Court finds that plaintiffs' first claim is moot.

■ With respect to the remaining claims, the Court must determine whether an inmate candidate for parole possesses a liberty or property interest sufficient to evoke a right to procedural Due Process. A similar action has been reviewed and rejected by the Court of Appeals for this Circuit, but in the absence of a published opinion revealing the basis for the appellate court's action, this district court cannot dismiss the instant action on the merits out of hand. *Scott v. Kentucky Board of Parole*, No.

74–1899 (6th Cir. filed January 15, 1975), *vacated as moot*, —— U.S. ——, 97 S.Ct. 342, 50 L.Ed.2d 218 (1976).

■ Although the United States Supreme Court has not addressed the issue, several courts of appeals have held that limited Due Process rights inhere in parole release proceedings. Admitting that a state parole board retains extensive discretion in determining the appropriateness of parole for each particular inmate, nevertheless, a parole board is not at liberty to deny arbitrarily and capriciously parole authorized by state statute. *United States ex rel. Richerson v. Wolff*, 525 F.2d 797, 799 (7th Cir. 1975); *cert. denied*, 425 U.S. 914, 96 S.Ct. 1511, 47 L.Ed.2d 764 (1976); *Bradford v. Weinstein*, 519 F.2d 728, 733 (4th Cir. 1974), *vacated as moot*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Childs v. United States*, 167 U.S.App.D.C. 268, 511 F.2d 1270, 1280 (1974); *contra, Brown v. Lundgren*, 528 F.2d 1050, 1053 (5th Cir. 1976).

■ The rationale of the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), addressed to inmates' Due Process rights in prison disciplinary proceedings lends strong support to plaintiffs' claims in the instant case. In *Wolff, supra*, the Supreme Court accepted the fact that deprivation of good time would not certainly postpone the date of parole or outright release, nevertheless the Court determined that

The State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within the Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that a state-created right is not arbitrarily abrogated. At 557, 94 S.Ct. at 2975.

The State of Ohio has created a right to parole review. Ohio Rev.Code §§ 2967.13, 2967.19; Administrative Regulation 915.

The right to parole review cannot be arbitrarily vitiated without depriving inmates of a liberty interest in violation of Due Process. This Court finds that plaintiffs' claims are cognizable under § 1983.

■ There is no merit in plaintiffs' claim that inmates are entitled to the assistance of counsel or counsel substitute during parole release proceedings. The Sixth Amendment provides that a criminal defendant shall have the assistance of counsel in a criminal prosecution. A person detained in state custody pursuant to a lawful sentence is not the subject of a "prosecution" when he is considered for parole. Denial of parole is merely the refusal to alter the sentence imposed on conviction. *Billiteri v. United States, Bd. of Parole*, 541 F.2d 938, 945 (2d Cir. 1976); *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974); *Ganz v. Bensinger*, 480 F.2d 88, 90–91 (7th Cir. 1973); *but see, Wolff, supra* at 418 U.S. 569, 94 S.Ct. 2963 [assistance by another inmate in limited disciplinary situations].

■ There is no merit in plaintiffs' claim that inmates are entitled to review all the data before the Authority that the Authority may utilize in making its decision. A parole release determination is not an adversary proceeding in the strict sense. The Authority exercises considerable discretion in making its judgment. There are necessary time and security limitations imposed upon the parole release proceeding. If the inmate is adequately informed of the basis for denying his parole he can correct apparent factual errors and challenge the Authority's decision. Prison administrators must have some discretion to limit the scope of the hearing and access of inmates to administrative files. *Billiteri, supra*, at 945; *Childs, supra*, 167 U.S.App.D.C. 283, 511 F.2d at 1285; *see Wolff, supra*, 418 U.S. at 566, 94 S.Ct. 2963.

■ There is merit in plaintiffs' claim that a candidate for parole be allowed to participate meaningfully in the proceeding by presenting information relevant under the criteria used by the Authority. Due Process is satisfied if the inmate is permitted to submit to the Authority prior to or during the hearing documentary evidence within the inmate's control. It is stipulated that the inmate is notified of the parole hearing at least two weeks before it occurs; that the inmate appears at the hearing; and that the inmate may make an oral statement on his own behalf. It is stipulated that the inmate can obtain an information pamphlet (Exhibits 3, 4; hereafter Ex.) that sets out the scoring code once used by the Authority in marking up its form decision, but this code is no longer used. The Court finds that Due Process requires defendants to inform the inmate well in advance of the hearing of the bases upon which parole may be denied as set forth in the Authority's decision form APA911–912–913–046 (8–1–76) [Ex. 5] or such other bases as it may employ in the future. In this way, the inmate can prepare the data he wishes to submit.

Finally, plaintiffs' claim that they are denied Due Process in the parole proceeding because defendants refuse to provide each inmate with the individualized rationale for the Authority's decision. It is stipulated that the Authority reports its decision to the inmate and, by checking items on a standardized form, identifies broad reasons underlying that decision. Plaintiffs argue that the breadth and vagueness of these "reasons" obfuscate the basis of the Authority's decision and nullify the inmate's opportunity to correct factual errors in data relied upon by the Authority. The four standardized reasons that the Authority may adopt merely state conclusions that the inmate should not be paroled because the Authority "has substantial reason to believe that" the inmate will misbehave in the future; the inmate has misbehaved during confinement; the inmate's release would not further the interest of justice or be consistent with the welfare and security of society; or the Authority requires additional information upon which to base a release decision. The Authority identifies the underpinnings of its conclusion by checking standardized "factors" considered, e. g., "the inmate's conduct during his term of imprisonment [without further elabora-

tion]," "the inmate's plan or prospects on release," "any other factors which the Authority determines to be relevant."

■ It is obvious that the Authority's standardized reasons for denying parole provides no means by which the inmate or a reviewing body can ascertain whether the Authority's decision was rationally based on correct facts or any facts peculiar to the inmate. It is stipulated that the Authority does not summarize the facts found by its members and does not summarize all the criteria applied by its members in reaching its decision. The Court finds that the Authority's use of these standardized comprehensive reasons together with standardized value-neutral factors violates the minimum Due Process to which candidates for parole are entitled. In the context of prison disciplinary proceedings the Supreme Court has held that Due Process requires the factfinders to provide a written statement of the evidence relied on and the reasons for their conclusion. *Wolff, supra* at 564, 94 S.Ct. 2963. Due Process requires no less in parole release proceedings. The Court finds that the Authority must provide each inmate with the grounds for denial of his parole and the essential facts from which the Authority drew the inferences that led to its decision. *Haymes v. Regan*, 525 F.2d 540, 544 (2d Cir. 1975); *Childs, supra*, 167 U.S.App.D.C. at 279, 511 F.2d at 1281; *see Richerson*, 525 F.2d, at 804.

■ The final matter before the Court is the issue of retroactivity. The instant decision cannot apply to parole proceedings in which the Authority has by the time this opinion and order is filed already rendered its decision, because retroactive application would wreak administrative havoc. *Wolff, supra*, 418 U.S. at 574, 94 S.Ct. 2963 [disciplinary proceedings]; *Bailey v. Holley*, 530 F.2d 169, 175 (7th Cir. 1976); *Mower v. Britton*, 504 F.2d 396, 399 (10th Cir. 1974).

The Court will certify permanently the plaintiff class.

Therefore, for the reasons stated, good cause appearing, it is

ORDERED that defendants' motion to dismiss the action for mootness be, and it hereby is, overruled; and it is

FURTHER ORDERED that defendants' motion for partial summary judgment be, and it hereby is, overruled; and it is

FURTHER ORDERED that defendants, their agents, officers, servants, employees, attorneys, and all those in active concert and participation with them are permanently

ENJOINED TO:

(a) Inform each inmate candidate for parole well in advance of his parole hearing of the bases upon which the Ohio Adult Parole Authority may deny parole;

(b) Permit each inmate candidate for parole to submit to the Parole Authority, prior to or during his hearing, documentary evidence within the inmate's control; and

(c) Provide each inmate hereafter denied parole with a statement of the grounds for denial of his parole and the essential facts from which the Parole Authority drew the inferences that led to its decision;

and it is

FURTHER ORDERED that the plaintiff class be, and it hereby is, permanently certified to include all present and future inmates of Ohio penal institutions who are or become eligible for parole; and it is

FURTHER ORDERED that plaintiff Wagner shall notify the Court regarding the status of his medical claim against defendants within fifteen (15) days from the filing of this opinion and order, so that this action may be concluded promptly.

IT IS SO ORDERED.