Calvin BELL, Ewell Scott and on behalf
of all others similarly situated,
Plaintiffs-Appellants,

v.

KENTUCKY PAROLE BOARD, Lucille Robuck, Chairwoman of The Kentucky Parole Board, Charles Williamson, Newt McGarvey, Carl Owsley and Glenn Wade, as members of the Board, Defendants-Appellees.

No. 74–1899.

United States Court of Appeals,
Sixth Circuit.

Argued April 7, 1977.

Decided June 7, 1977.

Robert Allen Sedler, Lexington, Ky., Dean Hill Rivkin, University of Tennessee, College of Law, Knoxville, Tenn., for plaintiffs-appellants.

Robert F. Stephens, Atty. Gen. of Kentucky, Patrick Kimberlin, William W. Pollard, Frankfort, Ky., for defendants-appellees.

Before CELEBREZZE, PECK and ENGEL, Circuit Judges.

PER CURIAM.

This appeal once more is before the court, an earlier order of the court affirming the judgment of the district court having been vacated by the Supreme Court of the United States which, noting that petitioner Bell had died and that petitioner Scott had been granted parole by the Kentucky Parole Board, remanded the case to this court for consideration of the question of mootness, *Ewell Scott et al., petitioner v. Kentucky Parole Board et al.,* decided November 2, 1976, 429 U.S. 60, 97 S.Ct. 342, 50 L.Ed.2d 218 (1976).

Following submission of a brief in response on the question of mootness, the court set the matter down for further oral argument at the April term of court, in connection with which counsel for the parties appeared and made certain representations of fact to the court. These were further reduced to writing by a stipulation which was furnished the court, a copy of which is appended to this order.

It accordingly appears to the court that both parties hereto conceive that the issues with respect to appellant Scott are not moot. The court further notes that the facts stipulated to in paragraph 3 of the stipulation entered into by the parties are reinforced by further representations as to appellant Scott's status from which it appears that he may first become eligible for federal parole in June, 1978 but that, should such parole take place, the detainer issued against him by the Kentucky Parole Board may well be thereupon promptly executed.

It was further represented that the same rules and regulations governing parole are presently in effect as they were at the time of petitioner's complaint and that there is no present or planned revision of those rules which might otherwise render moot the issues he has raised in the district court.

█ The court is further of the opinion that since there is a probability that the respondent will again be subjected to the parole system of Kentucky, his parole is not moot within the meaning of *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). Accordingly, it appearing to the court that the issues raised on appeal are moot as to the appellant Bell, but not as to appellant Scott,

█ IT IS ORDERED that the appeal of appellant Bell be and the same is hereby dismissed for mootness.

█ IT IS FURTHER ORDERED that the appeal of appellant Scott is determined not to be moot and that, for the reasons set forth in the order of this court entered herein on January 15, 1975, it appearing that the petitioner Scott's complaint alleged no violation of rights guaranteed to plaintiff under the United States Constitution, and that therefore the district court did not err in dismissing the complaint,

IT IS ORDERED that the judgment of the district court as to appellant Scott be and the same is hereby affirmed.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 74–1899

EWELL SCOTT,
                    Plaintiff-Appellant,

v.

KENTUCKY PAROLE BOARD, ET AL.,
                    Defendants-Appellees.

STIPULATION
(Filed April 12, 1977)

Comes the appellant and appellees in the above-styled action, by counsel, and make the following stipulation:

1. The appellant and appellees stipulate that they are in agreement as to the factual circumstances set out in their respective briefs on remand to this Court pertaining to the appellant Scott on the question of mootness.

2. The appellant and appellees further stipulate that Scott plead guilty in federal district court for the Southern District of Ohio to federal charges of interstate transportation of a stolen motor vehicle and received a five year sentence which he is currently serving at the Federal Correctional Institution at Ashland, Kentucky.

3. The appellant and appellees also stipulate that the Parole Board has issued a detainer on the appellant which will be executed by the appellees as soon as the appellant can be taken into custody. There exists a strong possibility that the appellant's parole will be revoked after he has been given a parole revocation hearing by the appellees in light of the particular facts in this case.

4. In light of these intervening circumstances, the appellant and appellees stipulate that this case is not moot.

Respectfully submitted,

ROBERT F. STEPHENS
ATTORNEY GENERAL
/s/ PATRICK B. KIMBERLIN, III
By: Patrick B. Kimberlin, III
Assistant Attorney General
Capitol Building
Frankfort, Kentucky 40601
COUNSEL FOR APPELLEES

/s/ DEAN HILL RIVKIN
By: Dean Hill Rivkin
University of Tennessee
College of Law
Knoxville, Tennessee 37916
COUNSEL FOR APPELLANT
SCOTT