Lawrence **WAGNER** et al.,
Plaintiffs-Appellees,

v.

John J. **GILLIGAN**, Governor, et al.,
Defendants-Appellants.

No. 77–3372.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 2, 1979.

Decided Nov. 19, 1979.

William J. Brown, Atty. Gen. of Ohio, John C. Stamatakos, Asst. Atty. Gen., Columbus, Ohio, for defendants-appellants.

Frank S. Merritt, Norman Zemmelman, Toledo, Ohio, Stanley A. Bass, New York City, Oliver Nickerson, Chillicothe Correction Inst., Chillicothe, Ohio, for plaintiffs-appellees.

Before CELEBREZZE and ENGEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

The issue on this appeal is whether a prisoner in an Ohio penal institution who becomes a candidate for parole possesses a liberty or property interest sufficient to evoke a right to procedural due process. The district court answered this question in the affirmative in *Wagner v. Gilligan*, 425 F.Supp. 1320 (N.D.Ohio 1977). Reference is made to the published opinion of the district court for a recitation of pertinent facts.

The district court granted an injunction directing the Ohio Adult Parole Authority to:

(a) Inform each inmate candidate for parole well in advance of his parole

hearing of the bases upon which the Ohio Adult Parole Authority may deny parole;

(b) Permit each inmate candidate for parole to submit to the Parole Authority, prior to or during his hearing, documentary evidence within the inmate's control; and

(c) Provide each inmate hereafter denied parole with a statement of the grounds for denial of his parole and the essential facts from which the Parole Authority drew the inferences that led to its decision;

The suit was sustained as a class action, certified to include all present and future inmates of Ohio penal institutions who are or may become eligible for parole. The injunction was stayed by this court pending appeal.

Thereafter, the Supreme Court released its opinion in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, et al.*, —— U.S. ——, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), holding that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.*, 99 S.Ct. at 2104. *Accord, Bell v. Kentucky Parole Board*, 556 F.2d 805, 808 (6th Cir.), *cert. denied*, 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977).

Counsel for appellees conceded, both in open court and by a written confession of error, that the decision of the Supreme Court in *Greenholtz* requires reversal of the district court in the present case. We commend counsel for this action, which is in accordance with his ethical responsibilities as a member of the bar and an officer of the court.

In *Greenholtz*, the Supreme Court rejected the claim of prison inmates that a protected liberty interest is created automatically whenever a state provides for a possibility of parole. However, under the Nebraska statute, the Nebraska Board of Parole was required to release eligible inmates unless any one of four designated reasons to defer release could be found. The court held that the expectancy of release provided by the Nebraska statute "is entitled to some measure of constitutional protection." The court emphasized that "this statute has unique structure and language and thus whether any other state statute provides a protectible entitlement must be decided on a case-by-case basis." 99 S.Ct. at 2106.

Unlike the Nebraska statute, Ohio Revised Code § 2967.03 is purely discretionary. The Ohio Adult Parole Authority may grant parole if "in its judgment there is a reasonable ground to believe" that paroling the inmate "would further the interests of justice and be consistent with the welfare and security of society." The statute does not mandate a presumption of parole release and, therefore, does not create a protected statutory entitlement to parole on which appellees can ground their due process claim.

The injunction granted by the district court is vacated and its judgment is reversed. No costs are taxed. Each party will bear its own costs on this appeal.