**Paul N. SHARP, Plaintiff-Appellant,**

v.

**Gordon B. LEONARD et al.,**
**Defendants-Appellees.**

**No. 78–3305.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 2, 1979.

Decided Dec. 6, 1979.

Joseph C. Merling, Cincinnati, Ohio (Court-appointed), Paul N. Sharp in pro. per., for plaintiff-appellant.

William J. Brown, Atty. Gen. of Ohio, Allen P. Adler, John C. Stamatakos, Asst. Attys. Gen., Columbus, Ohio, for defendants-appellees.

Before CELEBREZZE and ENGEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Paul N. Sharp, a prisoner in the Ohio Chillicothe Correctional Institute, appeals from the summary judgment of the district court dismissing his action seeking injunctive, declaratory and monetary relief under 42 U.S.C. § 1983. Sharp contends that he was deprived of due process of law in a parole release hearing. Defendants assert that Sharp was denied parole because of the serious nature of the crimes for which he was incarcerated in 1976 and because of his past history as a parole violator.

The record shows that Sharp was convicted in an Ohio court in 1946 for operating a motor vehicle without the consent of the owner, for which he was placed on probation for a period of two years. He was convicted in 1947 on an intoxication charge, for which his probation was revoked. He evidently was incarcerated off and on over the next 16 years, and during that period had several paroles revoked. He was before this court in a habeas corpus proceeding in *Sharp v. State of Ohio*, 314 F.2d 799 (6th Cir. 1963). Thereafter, the district court ordered him released from custody subject to retrial. The record is not clear as to the events of the ensuing eleven years. Sharp was convicted in 1975 for carrying a concealed weapon and placed on probation. Later he was convicted again of carrying a concealed weapon and placed on probation. His probation in both cases was violated. He presently is incarcerated at the Chillicothe Correctional Institute serving a felony sentence.

Sharp contends that he was denied due process of law at his parole hearing on the following grounds:

1. He was not informed in advance of the parole release hearing the basis upon which the Board might deny him parole.

2. He was prevented from submitting documentary evidence to members of the Board prior to the hearing.

3. He was not provided with an adequate statement of the grounds for denial of parole.

4. The Board members improperly considered evidence not relevant to the parole determination, particularly evidence of alleged vindictiveness because Sharp had earlier obtained habeas corpus relief in connection with a 1947 felony conviction.

District Judge Robert M. Duncan, citing *Bell v. Kentucky Parole Board*, 556 F.2d 805 (6th Cir.), *cert. denied*, 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977), granted summary judgment on the ground that Sharp did not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings.

The decision of the district court is clearly correct under *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); and *Wagner v. Gilligan*, 609 F.2d 866 (6th Cir., 1979).

Affirmed.