869 F.2d 1492
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon E. RODMAN, Plaintiff-Appellant,
v.
Richard P. SEITER; Raymond E. Capots; Mr. Klein; Haralson
Gordon; Lynn Pohlod; Bruce Brunswick, Asst.
Supt.; Jerry L. Tolson, Defendants-Appellees.
 No. 88-3776.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Rodman moves for counsel on appeal from the district court's grant of summary judgment to the defendants in this prisoner's civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff is a prisoner at the Hocking Valley Facility in Nelsonville, Ohio. The defendants are the director of the Ohio Department of Rehabilitation and Corrections, three Ohio Parole Board members, and three parole hearing officers. The plaintiff filed two complaints alleging that the Parole Board's decision to deny him parole violated his due process, double jeopardy, ex post facto, cruel and unusual punishment, and first amendment rights. He also included pendent state law claims.
 
 
 3
 The district court held that the plaintiff had no liberty interest in parole which would establish due process rights. See Wagner v. Gilligan, 609 F.2d 866, 867 (6th Cir.1979) (per curiam); Wright v. Trammell, 810 F.2d 589, 590-91 (6th Cir.1987) (per curiam). The court also held that the Double Jeopardy Clause and the Ex Post Facto Clause do not apply to parole decisions. Alessi v. Quinlan, 711 F.2d 497, 501 (2d Cir.1983); Ruip v. United States, 555 F.2d 1331, 1335-36 (6th Cir.1977). The court also dismissed the pendent state law claims. See UMW v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 4
 We agree with these conclusions of the district court. We also conclude that the decision to deny parole did not constitute cruel and unusual punishment. Finally, we hold that the parole board's unwillingness to grant parole as long as the plaintiff refused to cooperate with a psychiatrist did not violate the plaintiff's constitutional rights.
 
 
 5
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.