894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobbie Clinton BAKER, Plaintiff-Appellant,
v.
Raymond E. CAPOTS; R.E. Smith, Defendants-Appellees.
 No. 89-3405.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1990.
 S.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 BEFORE: KENNEDY and BOGGS, Circuit Judges; and HULL, Chief District Judge.*
 
 
 3
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a) (1989).
 
 
 4
 Bobbie Clinton Baker is a pro se Ohio prisoner who appeals from the district court's judgment which dismissed a civil rights action that he had filed under 42 U.S.C. Sec. 1983 (1981). Baker alleged that the defendants had violated his constitutional rights by failing to consider a revised FBI "rap sheet" in determining his eligibility for parole. The district court granted the defendants' motion for summary judgment and dismissed the case because it found that Baker did not have a constitutionally protected interest in the procedures used to determine his parole. We affirm.
 
 
 5
 Our de novo review of the record shows that Baker's affidavit was sufficient to create a genuine issue of fact as to whether the parole board had used the revised information at his hearing. Nevertheless, the district court correctly awarded summary judgment to the defendants because this factual dispute was not material to the law that controls Baker's civil rights case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 6
 Summary judgment is only appropriate when the record before the court fails to raise a genuine issue of material fact for trial. Fed.R.Civ.P. 56(c) (1989); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, "the requirement is that there be no genuine issue of material fact.... Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248 (emphasis in the original).
 
 
 7
 The law that governs Baker's case is found in a trilogy of decisions, beginning with Meachum v. Fano, 427 U.S. 215 (1976). In Meachum, the Supreme Court held that the due process clause protects an inmate's liberty interest only when that interest is based on state law or on the Constitution. Id. at 224-26. In Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979), the Court held that the mandatory language of a Nebraska statute created an "expectation of parole" that deserved due process protection, even though there was no constitutional basis for claiming a liberty interest in parole release itself. Id. at 12. However, in Wagner v. Gilligan, 609 F.2d 866 (6th Cir.1979), we held that the broad discretion accorded to the parole authority by Ohio Rev.Code Sec. 2967.03 distinguishes that statute from the Nebraska statute at issue in Greenholtz. Id. at 867. The Ohio statute does not create an expectation of parole release that would be entitled to due process protections. Id; see also Jago v. Van Curen, 454 U.S. 14 (1981) (per curiam).
 
 
 8
 Relief under 42 U.S.C. Sec. 1983 is only available to redress violations of a constitutional magnitude. Bird v. Summit Co., Ohio, 730 F.2d 442, 444 (6th Cir.1984). The defendants in the present case were entitled to summary judgment because Baker did not have a constitutionally protected liberty interest in his release on parole or a constitutional right to due process protections at his parole hearing. See Sharp v. Leonard, 611 F.2d 136, 137 (6th Cir.1979).
 
 
 9
 Baker also argues that the defendants violated his constitutional right to equal protection. See Shango v. Jurich, 681 F.2d 1091, 1103-04 (7th Cir.1982). However, we will not address the merits of this argument here because it was not raised in the complaint that Baker filed with the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 10
 Accordingly, the judgment of the district court is hereby AFFIRMED. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation