916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gene P. MURRAY, Plaintiff-Appellant,
v.
OHIO ADULT PAROLE AUTHORITY; Raymond E. Capots, Chairman,
Defendants-Appellees.
 No. 90-3071.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1990.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges; and MEREDITH, District Judge.*
 
 ORDER
 
 2
 Gene P. Murray, a pro se Ohio prisoner, appeals the judgment of the district court dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Murray sued the Ohio Adult Parole Authority (OAPA) and Raymond Capots, its chairman, for violating his fourteenth amendment rights to due process and equal protection by allegedly denying his application for parole on the basis of his race. Murray alleged that the OAPA impermissably makes its parole determinations for male prisoners convicted of aggravated vehicular homicide or involuntary manslaughter involving alcohol or drugs on the basis of the prisoner's race. He alleged that blacks are routinely granted parole at their first hearing while whites are routinely denied parole at their first hearing in order to maintain a 50-50 racial balance in Ohio's prisons despite a higher percentage of incoming black inmates. Murray further alleged, citing specific instances, that the risk points of some black inmates were fraudulently and illegally reduced in order to allow their release at their first parole hearing within the risk point guidelines set up by the OAPA. Murray sought an injunction requiring the OAPA to cease using the race of an inmate as the determinative factor in parole decisions in Ohio; a court order requiring the OAPA to abide by its own risk point guideline system and cease falsification of risk points documents; and $10,000,000 in compensatory and punitive damages, to be voluntarily donated to worthy causes.
 
 
 4
 Interpreting Murray's complaint as a civil rights action under 42 U.S.C. Sec. 1983, the district court granted the defendants' motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), based on state immunity under the eleventh amendment.
 
 
 5
 On appeal, Murray continues to argue the merits of his case, urging that the district court erred in finding the OAPA's "affirmative action plan" protected by the eleventh amendment. Murray also maintains that his suit was incorrectly considered under Sec. 1983.
 
 
 6
 Upon review, we shall affirm the district court's judgment on the pleadings to the extent that it dismissed Murray's state claim, his due process and equal protection claims against the OAPA, and his due process claim against Capots; however, we shall vacate the judgment to the extent it dismissed Murray's equal protection claim against Capots.
 
 
 7
 Initially, it is noted that, despite Murray's protests to the contrary, the district court did not err in considering his complaint under 42 U.S.C. Sec. 1983. Murray's pleadings and briefs indicate that he is under the mistaken impression that Sec. 1983 is a habeas corpus statute, rather than the appropriate means for a prisoner to seek redress of a violation of his constitutional rights.
 
 
 8
 The district court properly dismissed Murray's claim that the OAPA violated its own risk point guidelines because the eleventh amendment prohibits a federal court from ordering state officials to obey state law. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 106 (1984). Moreover, Murray's civil rights suit against the OAPA is barred as to both monetary and injunctive relief by the eleventh amendment. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989); Papasan v. Allain, 478 U.S. 265, 276 (1986).
 
 
 9
 Capots, sued in his official capacity, is immune from suit for monetary damages. Will v. Michigan Dep't of State Police, 109 S.Ct. at 2311-12; Wells v. Brown, 891 F.2d 591, 592-93 (6th Cir.1989). However, a federal court may, consistent with the eleventh amendment, enjoin state officials to conform their future conduct to the requirements of federal law. Will v. Michigan Dep't of State Police, 109 S.Ct. at 2311 n. 10; Quern v. Jordan, 440 U.S. 332, 337 (1979). Thus, the district court erred in dismissing Murray's claims against Capots for injunctive relief under Will.
 
 
 10
 Murray's due process claim is meritless, nonetheless, because Ohio has created no statutory entitlement to parole upon which a due process claim may be grounded. Wagner v. Gilligan, 609 F.2d 866, 867 (6th Cir.1979).
 
 
 11
 In reviewing a judgment on the pleadings, we must take as true the material allegations in the pleadings of the nonmoving party. Only if the moving party is clearly entitled to judgment notwithstanding the truth of such allegations may the judgment be affirmed. National Metro. Bank v. United States, 323 U.S. 454, 456-57 (1945); Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner, and Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973). If his allegations are taken as true, as they must be in this appeal, Murray has stated a facially sufficient equal protection claim; namely, that parole decisions for his class of offenders are arbitrarily made and are based on racial considerations. To the extent that he seeks a speedier end to his own confinement, Murray's sole remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). But to the extent he seeks a future injunction to cease a racially discriminatory state parole scheme, Murray's claim is cognizable under Sec. 1983 and survives judgment on the pleadings. See generally McCleskey v. Kemp, Sup't Ga. Diagnostic and Class. Center, 481 U.S. 279, 292 (1987); Oyler v. Boles, 368 U.S. 448, 456 (1962).
 
 
 12
 Accordingly, the district court's judgment on the pleadings regarding Murray's state claim, claims against the OAPA, claim for monetary damages, and due process claim is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. However, to the extent the district court dismissed Murray's claim against Capots for injunctive relief, based on the equal protection clause, the judgment is hereby vacated and the case is remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation