923 F.2d 854
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Adib AQEEL, Petitioner-Appellant,
v.
William H. DALLMAN, Respondent-Appellee.
 No. 90-3459.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1991.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Adib H. Aqeel, a pro se Ohio prisoner, appeals the district court's summary dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Aqeel is currently serving a sentence for one count of voluntary manslaughter and one count of attempted manslaughter. He filed this habeas petition alleging that the Ohio Adult Parole Authority arbitrarily denied him parole and required that he serve an additional 31 months imprisonment. Aqeel also alleged that the Parole Authority did not give him any reasons for its decision, nor did it follow its guidelines. The district court summarily dismissed the petition, finding that denial of parole failed to state a constitutional claim cognizable in a federal habeas proceeding.
 
 
 3
 On appeal, Aqeel reasserts his claims and moves for the appointment of counsel.
 
 
 4
 Upon review, we shall affirm the district court's judgment. Aqeel has no inherent constitutional right to parole. See Greenholtz v. Inmates of the Neb. Penal Corr. Complex, 442 U.S. 1, 7 (1979). Nor does Aqeel have a state-created liberty interest in parole. Both Ohio's statutory scheme as well as the Parole Authority's administrative guidelines place the decision to grant parole within the complete discretion of the Parole Authority. See Ohio Rev.Code Sec. 2967.03; Wagner v. Gilligan, 609 F.2d 866, 867 (6th Cir.1979) (per curiam). Consequently, Aqeel has failed to assert a constitutional claim cognizable in a federal habeas proceeding.
 
 
 5
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.