**Edward M. MAYRIDES, Petitioner–Appellant,**

v.

**M.A. CHAUDHRY, Warden, Respondent–Appellee.**

No. 01–3369.

United States Court of Appeals, Sixth Circuit.

June 20, 2002.

Before DAUGHTREY and CLAY, Circuit Judges; WILLIAMS, District Judge.*

## ORDER

Edward M. Mayrides, an Ohio prisoner proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mayrides is incarcerated in an Ohio prison for 1985 convictions for three counts of

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

rape and two counts of kidnapping. In his habeas petition, Mayrides maintains that he was denied due process of law when the Ohio Adult Parole Authority denied him release on parole August 18, 1993, and again on August 19, 1998. Specifically, Mayrides asserts that the parole board unconstitutionally considered the same criteria that had already been considered by the trial court when it imposed Mayrides's sentence; that the State of Ohio unconstitutionally fails to provide judicial review of parole decisions; that Ohio Revised Code § 2967.03 is unconstitutionally vague; that the parole board acted in an arbitrary and discriminatory manner and did not follow the proper guidelines in making the decision to deny Mayrides's parole; and that the parole board has improperly been delegated legislative power.

The matter was referred to a magistrate judge who issued a report recommending that Mayrides's claims regarding the 1993 refusal to release him on parole be denied on the merits. The magistrate judge held that Mayrides's claims regarding the 1998 refusal to release him on parole are barred by the statute of limitations because Mayrides never presented those claims to the Ohio courts and his federal habeas petition was filed more than one year after August 19, 1998. *See* 28 U.S.C. § 2244(d)(1). The district court adopted the magistrate judge's report and recommendation over Mayrides's objections. The court also granted Mayrides a certificate of appealability with respect to Mayrides's contention that he was denied constitutional rights by the parole board's August 18, 1993 decision not to release him on parole. This court denied Mayrides a certificate of appealability on his claim that he was denied constitutional rights by the parole board's August 19, 1998 decision not to release him on parole.

This court reviews de novo a district court's legal conclusions in habeas corpus actions and reviews its factual findings for clear error. *See Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). Under the Antiterrorism and Effective Death Penalty Act, a district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Upon review, we conclude that the district court properly denied Mayrides's habeas petition for the reasons stated by that court. Mayrides has no inherent constitutional right to parole. *See Greenholtz v. Inmates of the Neb. Penal Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Nor does Mayrides have a state-created liberty interest in parole. Both Ohio's statutory scheme as well as the Parole Authority's administrative guidelines place the decision to grant parole within the complete discretion of the Parole Authority. *See* Ohio Rev.Code § 2967.03; *Wagner v. Gilligan,* 609 F.2d 866, 867 (6th Cir.1979).

Further, the fact that the Ohio Parole Board may decide whether or not to grant parole based upon the nature of a defendant's conviction does not violate the Double Jeopardy Clause of the Constitution. The parole board's refusal to grant parole does not increase Mayrides's sentence, nor is parole designed to punish a defendant for the violation of criminal law. *See, e.g., Morrissey v. Brewer,* 408 U.S.

471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (discussing due process rights of parolees in parole revocation hearings). *See also Jonas v. Wainwright,* 779 F.2d 1576, 1577 (11th Cir.1986) (the double jeopardy clause does not apply to vacation of a presumptive parole release date).

Finally, Mayrides argues that the parole board acted arbitrarily and failed to properly follow its own procedures. To the extent that Mayrides argues a violation of state law, such a claim is not cognizable in a federal habeas corpus action. A federal court may not issue a writ of habeas corpus "on the bases of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.1988). To the extent that Mayrides presents a federal constitutional claim, his claim is without merit. Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, *see Block v. Potter,* 631 F.2d 233, 236 n. 2 (3d Cir.1980), Mayrides does not present any such allegations here. Consequently, Mayrides has failed to assert a constitutional claim cognizable in a federal habeas proceeding.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.