SCOTT *v.* KENTUCKY PAROLE BOARD ET AL.

No. 74–6438.   Argued October 12, 1976—Decided November 2, 1976

*Dean Hill Rivkin* argued the cause for petitioner.   With him on the briefs were *Robert Allen Sedler, Howard Lesnick, David Murrell,* and *Alvin J. Bronstein.*

*Patrick B. Kimberlin III,* Assistant Attorney General of Kentucky, argued the cause for respondents.   With him on the brief were *Robert F. Stephens,* Attorney General, and *William W. Pollard,* Assistant Attorney General.*

PER CURIAM.

It appearing that petitioner Scott has been granted parole by the Kentucky Parole Board, the judgment of the United States Court of Appeals for the Sixth Circuit is hereby vacated, and the case is remanded to the Court of Appeals for consideration of the question of mootness.

*So ordered.*

MR. JUSTICE STEVENS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE POWELL join, dissenting.

The Court granted certiorari to decide whether any constitutionally mandated procedural safeguards apply to parole release hearings.   At such a hearing a prisoner may be denied parole, or he may be released subject to specified conditions.   The constitutional issue is whether either the outright denial, or the imposition of parole conditions, has the kind

---

*\*Solicitor General Bork, Assistant Attorney General Thornburgh, Deputy Solicitor General Jones,* and *Shirley Baccus-Lobel* filed a brief for the United States as *amicus curiae* urging affirmance.

of impact on liberty that must be preceded by "due process."
The question is extremely important,[1] it has been fully
briefed and argued and, in my opinion, should now be
decided.[2]

The Court postpones decision of the issue by sending the
case back to the Court of Appeals for its advice on the
question whether the litigation is now moot. This action might
appear to be supported by *Weinstein* v. *Bradford,* 423 U. S.
147, a case which became moot because the petitioner's sen-
tence terminated prior to our decision, thus entirely elimi-

---

[1] Its manifest importance is demonstrated by (a) the vast number of
parole release decisions that are made every year; (b) the importance of
each such decision to the person affected by it; and (c) the extensive
litigation, with varying results, which has developed in the federal courts.
The conflict in the Circuits over this question is more than evident.
Compare the present case, *Scott* v. *Kentucky Parole Board,* No. 74–1899
(unpublished order Jan. 15, 1975), in which the Sixth Circuit held that the
requirements of due process are not applicable to parole release hearings,
with the following: *Brown* v. *Lundgren,* 528 F. 2d 1050 (CA5 1976) (due
process does not apply); *United States ex rel. Richerson* v. *Wolff,* 525 F.
2d 797 (CA7 1975) (due process applies to the extent that a written state-
ment of reasons must be given for denial of parole), cert. denied, 425 U. S.
914; *Bradford* v. *Weinstein,* 519 F. 2d 728 (CA4 1974) (due process
applies), vacated as moot, 423 U. S. 147; *Childs* v. *U. S. Board of Parole,*
167 U. S. App. D. C. 268, 511 F. 2d 1270 (1974) (due process applies to
the extent that reasons must be given); *United States ex rel. Johnson* v.
*Chairman, New York State Board of Parole,* 500 F. 2d 925 (CA2 1974)
(due process applies to the extent that reasons must be given), vacated as
moot *sub nom. Regan* v. *Johnson,* 419 U. S. 1015; *Scarpa* v. *U. S. Board of
Parole,* 477 F. 2d 278 (CA5 1973) (en banc) (due process does not apply),
vacated and remanded to consider mootness, 414 U. S. 809, dismissed as
moot, 501 F. 2d 992 (1973); *Menechino* v. *Oswald,* 430 F. 2d 403 (CA2
1970) (due process does not apply to parole hearings; questioned in
*United States ex rel. Johnson, supra*), cert. denied, 400 U. S. 1023. See
also *Burton* v. *Ciccone,* 484 F. 2d 1322 (CA8 1973) (parole board must
follow its own rules, but implicitly holding that due process does not
apply).

[2] The briefs and argument fully discuss the mootness issue as well as
the merits.

nating his interest in any controversy with his parole board.[3] This case, however, is not moot, as a brief reference to the facts will demonstrate.

On July 26, 1974, the petitioner Ewell Scott filed a complaint alleging that in November 1973 the Kentucky Parole Board denied him parole. He contended that the denial of parole deprived him of liberty without due process of law because the Parole Board had not provided him the procedural safeguards required by the Due Process Clause of the Fourteenth Amendment.[4] He sought to represent similarly situated prisoners and requested an injunction requiring the Parole Board to modify its procedures and such other relief

---

[3] The *Weinstein* opinion is unambiguous:

"It is undisputed that respondent was temporarily paroled on December 18, 1974, and that this status ripened into a complete release from supervision on March 25, 1975. From that date forward it is plain that respondent can have no interest whatever in the procedures followed by petitioners in granting parole." 423 U. S., at 148.

This rationale is, of course, inapplicable to this petitioner who remains in legal custody. See *In re Sturm*, 11 Cal. 3d 258, 264–265, 521 P. 2d 97, 101 (1974); *Ramer* v. *Saxbe*, 173 U. S. App. D. C. 83, 91–92, 522 F. 2d 695, 703–704 (1975); *Workman* v. *Mitchell*, 502 F. 2d 1201, 1208 (CA9 1974); *Morales* v. *Schmidt*, 489 F. 2d 1335, 1336 (CA7 1973), adhered to en banc, 494 F. 2d 85 (1974). This Court has noted that 35%–45% of all paroles are revoked. See *Morrissey* v. *Brewer*, 408 U. S. 471, 479. As long as a parolee faces such odds, he retains a continuing interest in the procedures which will be followed at future parole release hearings.

[4] He contends that he should have received the procedural safeguards encompassed in an adjudicatory-type hearing, including notice concerning the issues and information the Board would be considering; access to the file and other information the Board would rely upon; the opportunity to present evidence and arguments to justify release and challenge or interpret evidence already before the Board; representation by an attorney or lay advocate; a transcript or summary of testimony from the hearing; and a reasoned decision by the Board. If the Court should hold that the Due Process Clause is applicable, it would not, of course, follow that petitioner would be entitled to all of the claimed safeguards. Cf. *Morrissey* v. *Brewer*, *supra*, at 488–490.

as the court might consider appropriate. Without bothering to effect service on the defendants, the District Court dismissed the complaint. The Court of Appeals affirmed in an unreported order and this Court granted certiorari, 423 U. S. 1031.

On November 26, 1975, shortly prior to our grant of certiorari, the petitioner was paroled. The respondent Board then suggested that the case had become moot. But, as petitioner points out in his reply, he remains subject to significant restraints that might not have been imposed if he had received the kind of hearing that he claims the Constitution requires. The petitioner is on "close parole supervision," a restrictive status entailing parole conditions in addition to those imposed as a routine matter. One special condition requires petitioner to undergo outpatient treatment at a local mental health center. This parole condition imposes a significant restraint on his liberty.

Petitioner claims that a fair hearing might have avoided this condition. If the Court should decide this case in his favor on the merits, the Court unquestionably would have power to order the objectionable condition removed unless petitioner is accorded an appropriate hearing. For that reason petitioner retains a direct and immediate interest in the outcome of this litigation, and the Court retains the power to decide the case on the merits. It follows inexorably that the case is not moot. "It is sufficient," as noted in *Super Tire Engineering Co.* v. *McCorkle*, 416 U. S. 115, 125–126, "that the litigant show the existence of an immediate and definite governmental action or policy that has adversely affected and continues to affect a present interest."

Although I have no doubt that the mootness issue will be correctly decided after the proceedings on remand have run their course, the remand is nevertheless unfortunate. As dispositions in each of the last three years demonstrate, the underlying issue is one that is capable of repetition, yet

review is repeatedly evaded.[5]  Delay in deciding the merits will affect not only these litigants, but also other pending litigation and parole procedures in every jurisdiction in the country.  A suggestion of mootness which this Court can readily decide should not be permitted to have such far-reaching consequences.

I respectfully dissent.

---

[5] *Scarpa* v. *U. S. Board of Parole, supra; United States ex rel. Johnson* v. *Chairman, New York State Board of Parole, supra; Bradford* v. *Weinstein, supra.*