**Robert D. CREW**

v.

## UNITED STATES PAROLE BOARD.

### Civ. A. No. 76–106.

United States District Court,
E. D. Pennsylvania.

Dec. 23, 1976.

---

John M. Palm, Student Atty., Jack J. Levine, Civil Rights for Inmates, Philadelphia, Pa., for petitioner.

Michael B. L. Hepps, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Petitioner, who is presently incarcerated at Lewisburg Federal Penitentiary pursuant to concurrent sentences imposed by the United States District Court in Philadelphia, Pennsylvania, and the United States District Court in Wilmington, Delaware, filed a pro se complaint on March 25, 1976. The defendant was not sentenced by this Court. In the complaint, he alleges that he was given a parole hearing on October 23, 1975 before two Federal Parole Examiners, Mr. Alex and Mr. Tenney, and that he was denied parole. He states that he appealed this decision to the Regional and National Board of Parole, who affirmed the denial of parole.

█ The Court in this case is faced with a pro se complaint, which we interpret as saying that the Parole Board failed to sufficiently review the facts; arbitrarily placed petitioner in a high severity category; adduced reasons for the denial of parole which are not factual; and applied the wrong guidelines. The thrust of the complaint is that the denial of parole by the Parole Board was arbitrary and unreasonable. The petitioner is apparently requesting relief on the ground that there is no rational basis in the record for the Parole Board's conclusion. As our Third Circuit stated in *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1968):

> Congress has invested the Parole Board with broad discretion. The district court may not substitute its judgment for that of the Board, and, therefore, the scope of its review is very limited. In this case, the district court must determine whether the information relied on by the Board to support its admittedly adequate reasons was sufficient to provide a factual basis for those reasons. The inquiry is not whether the Board is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons.

The Government, however, contends that this case should be transferred to the United States District Court for the Middle District of Pennsylvania.

Where a prisoner files a writ of habeas corpus for the purpose of having the United States District Court determine whether there was a violation of mandated procedural safeguards in connection with Parole Board hearings, or whether there was a rational basis in the record for the Parole

Board's conclusion as embodied in its statement of reasons, the question of which United States District Court has jurisdiction and venue over the matter has produced a diversity of legal opinion.[1]

■ In connection with the Government's motion to transfer this case to the Middle District we have considered 28 U.S.C. §§ 1404(a) and 1406(a) which provide in pertinent part as follows:

§ 1404. Change of venue

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

§ 1406. Cure or waiver of defects

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

We have made a determination that this matter should be transferred pursuant to these sections to the United States District Court for the Middle District of Pennsylvania. The factors we have considered in making this determination are identified in *Starnes v. McGuire*, 168 U.S.App.D.C. 4, 512 F.2d 918 (1974) as follows: (1) difficulty of communication with counsel; (2) difficulty of transferring the prisoner; (3) availability of witnesses and files; and (4) speed of resolution.

The first factor is difficulty of communication with counsel. Although proceeding pro se, petitioner has had student counsel from Temple University School of Law appointed for him pursuant to Local Rule 9½. There is no question that it has been extremely difficult for student counsel to communicate with petitioner who is incarcerated at Lewisburg because of the distance counsel must travel, unless communication is limited to correspondence. On the basis of difficulty of communication with counsel, there is no question that the Middle District would be a more appropriate forum.

The second factor, difficulty of transferring the prisoner, also suggests that the Middle District is a more appropriate forum. As noted in *Starnes*, the burdens and dangers involved in transporting a prisoner create a significant inconvenience to the Bureau of Prisons.

The third factor, availability of witnesses and files, also tips in favor of the Middle District. Although the parole officers before whom the initial hearing was held "work out of" the Philadelphia Regional Office, the parole hearing complained of by petitioner was held at Lewisburg. Any witnesses, such as those persons at the prison who may have had an opportunity to observe petitioner, are more likely to be found in the Middle District.

The final factor is speed of final resolution. In view of our determination that the first three factors weigh so heavily in favor of the transfer to the Middle District, we find no reason to examine the relevant statistical data which point to "the speed of resolution."

For all of the foregoing reasons, we transfer this case to the District Court for the Middle District of Pennsylvania.

---

1. See, e. g., *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 491, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1974); *McCoy v. United States Board of Parole*, 537 F.2d 962 (8th Cir. 1976). See also *Scott v. Kentucky Parole Board*, —— U.S. ——, 97 S.Ct. 342, 50 L.Ed.2d 218 (1976).