No. 76–6612. SCOTT *v.* WILLIAMS ET AL.; and

No. 76–6858. LAY *v.* WILLIAMS ET AL. Ct. Crim. App. Okla. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN joins, dissenting.

These two cases raise once again the question of whether parole release determinations implicate an interest in liberty entitled to protection under the Due Process Clause of the Fourteenth Amendment. Petitioners in both cases contend that the Oklahoma Pardon and Parole Board acted unconstitutionally in denying them parole without affording them an opportunity to appear personally before the Board and providing them with reasons for its decision. The Oklahoma Court of Criminal Appeals denied relief. The issue is clearly an important one which significantly affects a great number of persons. Indeed, we have previously granted certiorari to decide whether due process requires that parole release hearings be accompanied by procedural safeguards. See *Scott* v. *Kentucky Parole Board,* 423 U. S. 1031 (1975); 429 U. S. 60 (1976) (vacating and remanding case below for consideration of mootness). The question has been extensively litigated in federal and state appellate courts with varying and conflicting results. The confusing state of the law is evident from the cases cited in *Scott* v. *Kentucky Parole Board,* 429 U. S., at 61 n. 1 (STEVENS, J., dissenting). Under these circumstances, the Court's refusal to grant certiorari in these two cases is inexplicable if judged by normal standards governing the exercise of our certiorari jurisdiction. I would set the cases for oral argument.