VITEK, DIRECTOR, DEPARTMENT OF CORREC-
TIONAL SERVICES, ET AL. v. JONES ET AL.

No. 77–888.   Argued April 24, 1978—Decided May 23, 1978

*Melvin Kent Kammerlohr,* Assistant Attorney General of
Nebraska, argued the cause for appellants. With him on the
brief was *Paul L. Douglas,* Attorney General.

*Thomas A. Wurtz,* by appointment of the Court, 435 U. S.
949, argued the cause and filed a brief for appellee Jones.*

PER CURIAM.

This appeal presents a challenge under the Due Process
Clause of the Fourteenth Amendment to a state statute which
authorizes the transfer of a state prisoner, without his consent,
to a state mental hospital upon a finding by a physician or
psychologist that the prisoner suffers from a mental disease or
defect and that he cannot be given proper treatment within
the facility in which he is confined.[1]

---

*Evelle J. Younger,* Attorney General, *Jack R. Winkler,* Chief Assistant
Attorney General, *Edward P. O'Brien,* Assistant Attorney General, and
*John T. Murphy, Karl S. Mayer,* and *Thomas P. Dove,* Deputy Attorneys
General, filed a brief for the State of California as *amicus curiae* urging
reversal.

[1] Nebraska Rev. Stat. § 83–180 (1976) provides in relevant part:
"[W]hen a physician or psychologist designated by the [Director of

Appellee Larry D. Jones [2] was convicted of the crime of robbery and was sentenced to a prison term of three to nine years. In May 1974, he began serving his sentence at the Nebraska Penal and Correctional Complex, a state prison. In January 1975, appellee was transferred to the penitentiary hospital; two days later he was placed in solitary confinement in the prison adjustment center. While there, appellee set his mattress on fire and suffered serious burns. Appellee was transferred by ambulance to the burn unit of a private hospital where he remained for some four months. In April 1975, immediately following his release from the hospital, appellee was transferred to the security unit of the Lincoln Regional Center, a hospital facility owned and operated by the State of Nebraska for the purpose of providing treatment for persons afflicted with emotional and mental disorders.

In advance of his transfer to Lincoln Regional Center,

Correctional Sevices] finds that a person committed to the [Department of Correctional Services] suffers from a mental disease or defect, the chief executive officer may order such person to be segregated from other persons in the facility. If the physician or psychologist is of the opinion that the person cannot be given proper treatment in that facility, the director may arrange for his transfer for examination, study, and treatment to any medical-correctional facility, or to another institution in the Department of Public Institutions where proper treatment is available. A person who is so transferred shall remain subject to the jurisdiction and custody of the Department of Correctional Services and shall be returned to the department when, prior to the expiration of his sentence, treatment in such facility is no longer necessary."

[2] This lawsuit was initially brought by a single plaintiff, Charles Miller. On August 18, 1976, plaintiff's suit was certified as a class action. After a hearing, the action was decertified. Thereafter, William McKinley Hines, William George Foote, and Larry D. Jones were added as individual plaintiffs-intervenors. Hines, who had been returned to state prison and released on parole, did not participate in the proceedings before the District Court, which ordered him dismissed as a plaintiff-intervenor on September 12, 1977. Prior to the entry of the judgment below, Miller and Foote each completed his maximum sentence and received a final discharge. Jones is the sole appellee in this Court.

appellee was examined by a psychiatrist as required by Neb. Rev. Stat. § 83–180 (1976). The evidence adduced before the District Court revealed that, when asked by the examining psychiatrist whether or not he wished to be transferred, appellee answered that he did. However, the District Court deemed the transfer to have been involuntary because appellee was offered no means of obtaining independent advice on the subject and because, in the view of the District Court, appellee "may well not have been competent to exercise a free choice." [3] It is undisputed that, in transferring appellee from a prison facility to a mental institution, the correctional authorities exercised the authority conferred on them by the state statute challenged here.

In April 1976, appellee filed a complaint in the United States District Court for the District of Nebraska seeking to intervene in a civil rights action brought by a state prisoner who, like appellee, had been transferred from the State Penal Complex to Lincoln Regional Center.

The three-judge District Court agreed that due process attached to plaintiffs' asserted liberty interest and declared § 83–180 (1) unconstitutional as applied. *Miller* v. *Vitek,* 437 F. Supp. 569. The District Court also enjoined the transfer of any state prisoner from a penal facility to a mental institution except in compliance with procedures similar to those identified in this Court's opinions in *Morrissey* v. *Brewer,* 408 U. S. 471 (1972), and *Wolff* v. *McDonnell,* 418 U. S. 539 (1974). Additional procedures set forth by the District Court require the State to furnish the inmate with effective and timely notice of his rights and, in the case of an indigent inmate, with legal counsel. We noted probable jurisdiction.[4]

On November 17, 1977,[5] the Nebraska Board of Parole

---

[3] *Miller* v. *Vitek,* 437 F. Supp. 569, 571 n. 3.

[4] 434 U. S. 1060 (1978).

[5] The District Court rendered its judgment in this case on October 14, 1977.

granted appellee parole for the purpose of allowing him to receive in-patient psychiatric care at the Veterans Hospital in Danville, Ill. During the course of oral argument in this Court, appellee's counsel advised the Court that appellee has accepted the parole offered to him and agreed to treatment at the Veterans Hospital. Moreover, according to counsel, appellee is now cooperating with the medical staff assigned to his care and voluntarily taking medication prescribed for him.[6]

In light of these disclosures, the judgment of the United States District Court for the District of Nebraska is hereby vacated, and the case is remanded to the District Court for consideration of the question of mootness.

*Vacated and remanded.*

MR. JUSTICE STEVENS, dissenting.

The question whether a person convicted of a crime has a constitutional right to a hearing before being involuntarily placed in a mental institution is an important one. In this case the three-judge District Court answered that question in the affirmative and entered an injunction protecting appellee against the risk of an arbitrary transfer. As long as he remains in appellants' custody, he will continue to encounter that risk unless the District Court's injunction remains in effect. Recognizing this, the District Court explicitly provided that appellants "are enjoined from transferring . . . Larry D. Jones, *at any time before his complete discharge from the custody of the State of Nebraska,*" [1] without following the mandated procedures.

It is undisputed that Jones remains in the custody of the State of Nebraska.[2] At the moment, he is on limited parole, and, as a condition of that parole, is receiving in-patient

---

[6] Tr. of Oral Arg. 13, 19, 41–44.

[1] App. to Jurisdictional Statement 2 (emphasis added).

[2] Jones' tentative discharge date is not until March 1982. Brief for Appellants on the Question of Mootness 2.

psychiatric services in Danville, Ill. I have previously expressed my disagreement with this Court's conclusion that a parole release moots a controversy between a prisoner and the State over proper parole procedures, see *Scott* v. *Kentucky Parole Board,* 429 U. S. 60 (STEVENS, J., dissenting), and what was said in *Scott* applies with even greater force here. For unlike Scott, Jones has not challenged the Nebraska parole procedures, and his limited release on parole does not even arguably moot this live controversy between two adverse litigants. Jones challenged the procedures provided for the transfer of a criminal convict under the State's custody to a mental hospital. He is still in a mental hospital; he is still under the State's custody; and if he refuses treatment at this hospital, the State asserts the right to transfer him, involuntarily and without a hearing, to another mental hospital. In short, nothing has happened to destroy or even substantially lessen Jones' interest in preserving the injunction entered below, and appellants' interest in vindicating the Nebraska statute is similarly unaffected. I therefore respectfully dissent from the Court's disposition of this appeal.