**Dale G. McCOY, Plaintiff,**

v.

**W. Joseph McCOY, et al., Defendants.**

**Civ. A. No. 81–0082–E(H).**

United States District Court,
N. D. West Virginia,
Elkins Division.

Dec. 28, 1981.

Dale G. McCoy, pro se.

Chauncey H. Browning, Jr., W. Va. Atty. Gen., Charleston, W. Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, to recover punitive damages[1] against the Commissioner of the West Virginia Department of Corrections, the Warden of the West Virginia Penitentiary, Deputy Warden Hedricks, Correctional Officers McPhearson, Hill, Lohre, and Gelispie, and an unnamed correctional officer. Defendants, McCoy, Bordenkircher, Hill, Lohre and Gelispie move this Court to dismiss them from this action. For the reasons set out below, this Court hereby GRANTS these Defendants motions to dismiss[2] and ORDERS that they be DISMISSED from this action.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on February 27, 1980, Defendant, Hill, charged Plaintiff with attempted escape without first investigating whether there was any factual basis to support the charge. Plaintiff further alleges that on February 29, 1980, he was found not guilty of the charge brought by Hill. Plaintiff makes no allegation, however, that Hill either participated or acquiesced in the alleged assault described below. '

Plaintiff also alleges that on February 27, 1980, Defendant, Gelispie, ordered Plaintiff

---

**1.** Though Plaintiff has made no demand for compensatory damages, "punitive damages may be awarded in some situations for a malicious and wanton disregard for a plaintiff's constitutional rights even in the absence of actual damages." *Paton v. LaPrade*, 524 F.2d 862, 872 (3rd Cir. 1975). *See also O'Connor v. Several Unknown Correctional Officers*, 523 F.Supp. 1345, 1349 (E.D.Va.1981) ("Punitive damages are possible in an appropriate case under § 1983, however, where the defendants have acted with the malicious intention to deprive a person of his rights.").

**2.** In considering Defendants' motion to dismiss, this Court must consider all of Plaintiff's allegations as true and refer only to the allegations existing in Plaintiff's complaint. *Parker v. Rockefeller*, 521 F.Supp. 1013, 1014 (N.D.W.Va. 1981).

to remove his clothes, place his hands on his head and back out of his cell. Once out of his cell, Plaintiff was directed to lie face down on the floor. While on the floor, an unnamed correctional officer cuffed Plaintiff's hands behind his back. This unnamed officer then "picked the Plaintiff up by the handcuffs causing the Plaintiff great pain." Plaintiff was then forcibly taken from the area in front of his cell to the shower area where Plaintiff alleges that the unnamed officer "slung" him against the shower wall, thereby bruising Plaintiff's ribs. Plaintiff further alleges that the unnamed officer then held Plaintiff from behind by the handcuffs while Defendant, McPhearson, proceeded to strike Plaintiff in the face several times with his fists.

Plaintiff alleges that Deputy Warden Hedricks and Officers Gelispie and Lohre watched McPhearson's and the unnamed officer's alleged assault of Plaintiff without taking any action to stop it.

Immediately after the alleged assault occurred, Plaintiff alleges that he was locked up in a cell which had no lights, no mattress and no hot or cold running water in it. Plaintiff alleges that while he was confined in this cell, McPhearson warned Plaintiff that if he filed a complaint then McPhearson would see to it that Plaintiff met the same fate as another inmate who had previously been found hung in his cell.

Finally, Plaintiff also alleges that thirty days after the alleged assault occurred he was transferred to a cell which had recently had a fire in it during which an inmate was severely burned. Plaintiff alleges that this cell still had the stench of burned human flesh and hair when he was placed in it. Furthermore, the cell walls were covered with a smoke-film. Plaintiff further alleges that his requests for cleaning materials were denied and that as a result he was forced to live with the stench until July 1, 1980, a period of approximately three months.

## II. FAILURE TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS, McCOY AND BORDENKIRCHER

■ Plaintiff's sole reason for naming McCoy and Bordenkircher as Defendants in this action is that they are respectively the Commissioner of Corrections and the Warden of the West Virginia Penitentiary. In *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977), the Court held that the doctrine of respondeat superior generally is not applicable to a Section 1983 action. Supervisory officials may be liable for the acts of their subordinates, however, if they actually participate or acquiesce in the alleged deprivation of civil rights,[3] or if they fail to supervise and control subordinates,[4] or if they have knowledge of a pervasive risk of harm and fail "to take reasonable remedial steps to prevent such harm."[5]

In the case at bar, Plaintiff has made no factual allegations which would provide this Court with a rational basis for concluding that McCoy or Bordenkircher (1) either personally participated or acquiesced in the discrete events which allegedly deprived Plaintiff of his civil rights; (2) or failed to adequately supervise and control their correctional officers; (3) or had knowledge of a pervasive risk of harm to Plaintiff's civil rights and failed to take reasonable steps to prevent such harm. This Court finds, therefore, that Plaintiff's complaint does not state a cause of action under Section 1983 against Commissioner McCoy or Warden Bordenkircher. Accordingly, this Court hereby GRANTS Defendants, McCoy's and Bordenkircher's motions to dismiss.

## III. FAILURE TO STATE A CAUSE OF ACTION AGAINST DEFENDANT, HILL

■ Plaintiff has not alleged that Hill either personally participated or acquiesced in either the alleged assault or the alleged conditions of confinement which Plaintiff

3. *Bursey v. Weatherford*, 528 F.2d 483 (4th Cir. 1975), rev'd on other grounds 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).

4. *Davis v. Zahradnick*, 600 F.2d 458 (4th Cir. 1979).

5. *Orpiano v. Johnson*, 623 F.2d 1096, 1101 (4th Cir. 1980).

complains he was subjected to during the four months following the assault. Rather, Plaintiff's only complaint against Hill is that Hill charged Plaintiff with attempted escape without having any factual basis to support the charge. In essence, therefore, Plaintiff's only complaint against Hill is that of an isolated instance which by Plaintiff's own admission was completely remedied [6] two days later when he was found not guilty of the attempted escape charge. This Court finds, therefore, that this isolated instance of which Plaintiff complains does not equal a claim of a constitutional magnitude.[7] *See Crowell v. Morris*, 644 F.2d 878 (4th Cir. 1981) (unpublished) (holding that prison officials' interference with one legal letter is an isolated incident and does not equal a claim of constitutional magnitude). Accordingly, this Court hereby GRANTS Defendant Hill's motion to dismiss.

## IV. FAILURE TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS, LOHRE AND GELISPIE

■ In *Davis v. Zahradnick, supra*, the Court held that a prisoner states a cause of action under Section 1983 where he alleges

that a *supervisory* official has failed to supervise and control his subordinates who personally deprived the inmate of his civil rights. In the case at bar, Plaintiff alleges that Lohre and Gelispie stood by and watched McPhearson's and the unnamed officer's alleged assault of Plaintiff without making any effort to stop it. Plaintiff has failed to allege, however, that Lohre and Gelispie were supervisory officials vis-a-vis McPhearson and the unnamed officer who are alleged to have actually perpetrated the assault.

In order to find that Plaintiff has stated a cause of action against Lohre and Gelispie, therefore, this Court would have to go beyond the Fourth Circuit's holding in *Zahradnick* and extend that decision's theory of culpability to non-supervisory correctional officers. This Court concludes, however, that the factual allegations presented in this action do not justify such an extension of *Zahradnick*. Accordingly, this Court hereby GRANTS Defendants, Lohre's and Gelispie's motions to dismiss.[8]

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.

---

6. Plaintiff has not alleged that his prison record has been the least bit tarnished by the attempted escape charge of which he was subsequently acquitted by a prison disciplinary board.

7. This Court may entertain Section 1983 actions only where plaintiff alleges that he has suffered a deprivation of some right secured by the Constitution or some other law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

Assuming *arguendo* that the isolated instance which Plaintiff complains of here does rise to a claim of constitutional magnitude, Plaintiff's particular claim against Hill still would not be justiciable under Article III. Such would be the case since Plaintiff admits that the attempted escape charge was dismissed two days after it was brought and since Plaintiff has not alleged that he has been harmed by the charge in any way. Accordingly, Plaintiff's grievance against Hill is moot. *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974). *See also Vitek v. Jones*, 436 U.S. 407, 98 S.Ct. 2276, 56 L.Ed.2d 381 (1978); *Northern Virginia Women's Medical Center v. Balch*, 617 F.2d 1045, 1049 (4th Cir. 1980).

8. In reaching this result, this Court also examined State law in order to determine whether it imposed an affirmative duty on Lohre and Gelispie to intervene on Plaintiff's behalf during the alleged assault. Should such a duty be found to exist under State Law, its alleged breach would be actionable under Section 1983 if Plaintiff alleges that his civil rights were violated as a result of that breach. *Cf. Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978) ("Other law of the United States" would include deprivation of a right secured by State law.). *See also* note 7, ¶ 1, *supra*.

W.Va.Code § 28–5–5 (1980 Replacement Vol.) provides in pertinent part:
[G]uards [at the West Virginia Penitentiary shall] . . . preserve order and enforce discipline among the convicts, . . . prevent escapes, and . . . remove all persons convicted and sentenced to the penitentiary from the place where confined to the penitentiary. . . .
This Court finds that this statutory enumeration of the duties of the guards at the West Virginia Penitentiary does not provide an adequate basis for this Court to hold that West Virginia law imposed an affirmative duty on Lohre and Gelispie to intervene on Plaintiff's behalf during the alleged assault.