**Homer Aki MATHIS, Plaintiff,**

v.

**CLERK OF the FIRST DEPARTMENT, APPELLATE DIVISION, et al., Defendants.**

**No. 85 Civ. 4426 (RWS).**

United States District Court, S.D. New York.

March 19, 1986.

Homer Aki Mathis, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendants; Jeffrey I. Slonim, Asst. Atty. Gen., of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Homer Aki Mathis ("Mathis"), a prisoner in the custody of the Clinton Correctional Facility, brings this action *pro se* pursuant to 42 U.S.C. § 1983 seeking redress for an alleged violation of his constitutional right to perfect an appeal from his criminal conviction in the New York State Courts. The defendants in this action, the Clerk of the First Department, Appellate Division, New York Supreme Court, and the court stenographers (collectively the "State") have moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed.R. Civ.P. for failure to state a claim upon which relief can be granted. Mathis has cross-motioned pursuant to Rule 15(d), Fed. R.Civ.P. for leave to amend his complaint to add as defendant the New York State Appellate Division, First Department, and to add a claim of inadequate supervision of appointed counsel. For the reasons set forth below, the State's motion to dismiss the complaint is denied and Mathis' request to amend his complaint is denied.

## Facts

Mathis commenced this action in April, 1985 alleging that his constitutional rights were violated by the State's failure to transcribe and provide his appellate counsel with the transcript of his criminal trial, hindering his appeal of the criminal conviction. On November 17, 1981, the New York State Appellate Division, First Department, granted Mathis leave to appeal his conviction *in forma pauperis* and, according to Mathis, ordered the court stenographers to transcribe the trial proceedings and provide a copy of this transcript to Mathis' appointed counsel. According to Mathis, on May 17, 1983, the court on its own initiative removed Mathis' appointed Legal Aid Society counsel from the case because of an alleged conflict of interest resulting from the Legal Aid Society's representation of another defendant in the case. The State contends that this removal was at Mathis' urging. Also on May 17, 1983, the court appointed Peter F. Anderson to represent Mathis in his appeal. Mathis alleges that Anderson did nothing to further his appeal, despite Mathis' correspondence to his counsel. On July 5, 1984, Mathis' appeal was reassigned to attorney Rubin S. Schofield, no progress having been made by the prior attorney assigned. Mathis contends that the court undertook this reassignment on its own motion; the State contends that all removals of counsel were made at Mathis' request. Mathis claims that he has not received a letter from Mr. Schofield within the past fifteen months.

The gravamen of the original complaint is Mathis' claim that his due process and equal protection rights were violated because the court failed to provide his appellate counsel with transcripts of his criminal trial. Mathis alleges that transcripts from his trial were not transcribed or provided to his counsel until one and one-half years after the court granted his leave to appeal on November 17, 1981.

The State does not attempt to contradict this transcript delay. The affidavit of Francis X. Galdi ("Galdi"), Deputy Clerk of the Supreme Court, Appellate Division, First Department, states that Mathis' criminal appeals card shows that the trial transcripts were delivered to his Legal Aid Society attorney on March 30, 1983, over fourteen months after Mathis' leave to appeal was granted, and just before the Legal Aid Society counsel was removed from the case in May, 1983. Galdi's affidavit also states that with each reassignment of counsel the transcript was returned to the court and was subsequently delivered to new counsel.

In his motion to amend the complaint, Mathis contends that the State's removal of his Legal Aid Society counsel, its failure to appoint competent and diligent substitute counsel, and its failure to monitor the progress of appointed counsel was a violation of his right to due process because it deprived him of the right to make a timely appeal of his conviction. Mathis believes that this deprivation, along with the State's protracted delay in transcribing the criminal trial, has prejudiced his appeal. Mathis requests dismissal of his indictment, punitive damages of $25.00 per day for each day between the date the court ordered his transcripts produced and the date they were delivered to his appellate counsel, and $10,000 in compensatory damages for the deprivation of his constitutional rights.

## Discussion

The State first contends that Mathis fails to state a judicially cognizable claim because the transcript of his trial ultimately was delivered, and the controversy is therefore moot. Furthermore, the State contends that Mathis cannot amend his complaint to name as defendants the Appellate Division, First Department because that court is not a "person" within the meaning of 42 U.S.C. § 1983, and cannot include a claim for inadequate representation of counsel.

### Failure to State a Claim

In general, actions in civil rights cases should not be dismissed at the pleading stage unless it is certain that the plaintiff can prove no set of facts that would entitle him to relief. *Green v. Maraio*, 722 F.2d 1013, 1016 (2d Cir.1983); *Clayton v. New York*, 596 F.Supp. 355, 360–61 (S.D.N.Y. 1984); *Pitt v. City of New York*, 567 F.Supp. 417 (S.D.N.Y.1983); *Williams v. Codd*, 459 F.Supp. 804 (S.D.N.Y.1978). This caution is particularly warranted when the pleading is undertaken *pro se*. *United States ex rel. Jones v. Rundle*, 453 F.2d 147 (3d Cir.1971).

■ The State asserts that the delivery of transcripts in March, 1983 has mooted the essence of Mathis' contention that his due process rights have been violated by the court's failure to provide his appellate counsel with trial transcripts. While the State is correct that federal courts cannot entertain cases which are moot because of the case or controversy limitation in Article III, *Vitek v. Jones*, 436 U.S. 407, 98 S.Ct. 2276, 56 L.Ed.2d 381 (1978); *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), where collateral detriment can flow from the alleged civil rights violation, the mootness doctrine will not prevent a claim under section 1983. *United States ex rel. Jones v. Rundle, supra*, 453 F.2d 147 (alleviation of an alleged constitutional violation does not moot a prisoner's claim for actual and punitive damages); *Shipp v. Todd*, 568 F.2d 133 (9th Cir.1978) (maintenance of a criminal record continues to operate to the detriment of defendant who already served his sentence); *Bilick v. Dudley*, 356 F.Supp. 945 (S.D.N.Y.1973).

■ At this prediscovery phase of the action it has not been established that Mathis has not experienced any collateral detriment from the uncontroverted fourteen-month delay between the date on which he was granted leave to appeal his conviction and the date his trial transcripts were allegedly delivered to his appellate counsel. The New York courts have long recognized the critical need for trial transcripts in the appeal of a criminal convic-

tion, and have observed that denial of such transcripts implicates the due process rights of the appellant. *People v. Dominick*, 68 Misc.2d 425, 326 N.Y.S.2d 466 (N.Y. Co.Ct.1971); *People v. McCallum*, 8 N.Y.2d 155, 203 N.Y.S.2d 66, 168 N.E.2d 518 (1960); *People v. Pitts*, 6 N.Y.2d 288, 189 N.Y.S.2d 650, 653, 160 N.E.2d 523, 526 (1959). Because the State's responsive pleadings do not address, let alone resolve, questions of prejudice which may have been caused by this as yet unexplained. delay, the State has not met its burden of demonstrating that Mathis can prove no facts which will entitle him to relief. Judgment on the pleadings is, therefore, denied.

**Leave to Amend**

Mathis has cross-moved this court for leave to amend his complaint to add as defendant the New York State Appellate Division, First Department, charging the court with failure to provide him with adequate counsel for his appeal. The State contends that leave to amend should be denied because the Appellate Division is not a "person" for purposes of section 1983, and because the Justices of that court are immune from a suit for money damages.

■ Leave to amend a complaint should be "freely given" when justice requires, Rule 15, Fed.R.Civ.P., particularly in the case of a *pro se* civil rights plaintiff who has not yet had the benefit of discovery. The State is correct in asserting, however, that the Appellate Division, a state court, is not amenable to suit under 42 U.S.C. § 1983, either on the grounds that a state court is not a "person" subject to liability, *Zuckerman v. App. Div., Sec. Dept. Supreme Ct. of the State of New York*, 421 F.2d 625, 626 (2d Cir.1970); *Moity v. Louisiana State Bar Ass'n*, 414 F.Supp. 180 (E.D.La.1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *Petit v. Gingerich*, 427 F.Supp. 282 (D.Md.1977), or on the grounds that it is immune from suit by virtue of the Eleventh Amendment. *Brown v. Supreme Court of Nevada*, 476 F.Supp. 86 (D.C.Nev.1979), *rev'd on other grounds*, 623 F.2d 605 (9th Cir.1980).

■ Construed in its most favorable light, Mathis' motion to amend his complaint could be considered an attempt to name the Appellate Division Justices as defendants. It is clear, however, that judges are immune from suits under section 1983 which seek to recover money damages for acts performed in their judicial capacities as Mathis has claimed in the instant action. *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Supreme Court of Virginia v. Consumers Union of the United States*, 446 U.S. 719, 735, 100 S.Ct. 1967, 1976, 64 L.Ed.2d 641 (1980); *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). While the courts of this Circuit have held that judicial immunity does not bar section 1983 actions which seek declaratory or injunctive relief, *Heimbach v. Village of Lyons*, 597 F.2d 344, 347 (2d Cir.1979); *Person v. Ass'n of Bar of City of New York*, 554 F.2d 534, 537 (2d Cir.1977); *see also Supreme Court of Virginia v. Consumers Union, supra*, 446 U.S. at 735, 100 S.Ct. at 1976, the relief prayed for in this case is dismissal of Mathis' indictment, a claim for habeas corpus relief, 28 U.S.C. § 2254, which cannot be encompassed in an action brought under 42 U.S.C. § 1983. *Preiser v. Rodriguez*,[1] 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (when a state prisoner challenges the fact or duration of his physical imprisonment and seeks immediate or speedier release, his sole federal remedy is a writ of habeas corpus).

■ Because the Appellate Division is immune from suit under section 1983 and the justices of that court in their individual capacity cannot be sued for money damages under that section, Mathis' motion for

---

1. *Preiser* also stands for the proposition that while prisoners seeking habeas corpus relief are required to exhaust state remedies under 28 U.S.C. §§ 2254(b) and (c), state prisoners bringing civil rights actions do not face this exhaustion barrier.

leave to amend the complaint must be denied.

Finally, it appears from this court's preliminary examination of the record that Mathis may have a colorable claim that his due process rights were violated through the State's failure to promptly provide his trial transcript for an appeal. As this opinion demonstrates, Mathis' claims raise complex issues involving statutory remedies, exhaustion requirements and immunity defenses which are treacherous pleading waters for the layman. Appointment of counsel is, therefore, warranted.

The State's motion for judgment on the pleadings is denied, and Mathis' motion for leave to amend his complaint is denied.

IT IS SO ORDERED.