Kenneth RESPASS (Leander), Plaintiff,

v.

NEW YORK CITY POLICE DEPART-MENT, New York City Department of Corrections, New York City Legal Aid Society, Queens County District Attorney, Defendants.

No. 93–CV–5823.

United States District Court,
E.D. New York.

May 19, 1994.

Kenneth Respass, pro se.

Amy Berg, Asst. Corp. Counsel, Myrna A. Levinson, Garbarini & Scher, New York City, for defendants.

### MEMORANDUM AND ORDER

GLASSER, United States District Judge:

Defendant the Legal Aid Society of New York, sued here as the New York City Legal Aid Society ("Legal Aid"), moves to dismiss the Complaint, or, alternatively, for summary judgment. Plaintiff *pro se* Kenneth Leander

Respass ("Respass") has submitted papers in opposition to the motion, and also has cross-moved for leave to amend his Complaint; only defendant Legal Aid has opposed the cross-motion. For the reasons set forth below, Legal Aid's motion to dismiss is granted [1] and plaintiff's cross-motion to amend the Complaint is granted in part and denied in part.

### FACTS

Respass commenced this action against the New York City Police Department (the "Police Department"), the New York City Department of Corrections (the "Department of Corrections"), Legal Aid and the Queens County District Attorney (the "District Attorney") by Complaint filed December 23, 1993.

For purposes of this motion to dismiss, the following allegations in the Complaint are accepted as true. Plaintiff was arrested without cause on September 16, 1993, and was charged with criminal possession of a controlled substance in the third degree. He thereafter was prosecuted notwithstanding the "plain" deficiencies in the claims against him.

On September 21, 1993, Legal Aid attorney Daniel Liebersohn was assigned to represent plaintiff. Liebersohn thereafter is alleged to have conspired with the Police Department and the District Attorney "to help further the conspiracy conjured up by" the Police Department. In violation of plaintiff's rights, Liebersohn forced plaintiff to make an unknowing, involuntary and unintelligent guilty plea "to a complaint which was devoid of prerequisite corroborating affidavit and lab report," and allowed the process "to play itself out" while aware of its illegality.[2] More specifically, in his papers in opposition

to Legal Aid's motion to dismiss, plaintiff has alleged that Liebersohn "never considered consciously putting up a defence [sic] on behalf of plaintiff. His main objective was to comply with the wishes of the Assistant District Attorney, of having plaintiff plead guilty, though plaintiff stressed the fact that he wouldn't plead guilty." Plaintiff's Reply Memorandum of Law ("Pl.'s Mem.") at p. 3. In Affidavit D annexed to his Reply Memorandum of Law, plaintiff further alleges that Liebersohn told him that he would be "stupid, foolish [and] dumb" not to accept the plea agreement, and that plaintiff ultimately was made to feel that he had no choice but to accept the agreement. When he went before the court for his plea allocution, plaintiff admitted that he was in possession of a controlled substance for his own consumption; when the court refused the plea, his counsel advised him that he was required to admit that he intended to sell the drugs; plaintiff unwillingly stated as much; and the court accepted the plea. Aff. D at pp. 1–2.

On October 12, 1993, plaintiff informed the judge in the New York State Supreme Court, Queens County, that he wished to withdraw his guilty plea because it was not entered knowingly, voluntarily and intelligently.[3] The court reassigned counsel to represent plaintiff, and on October 18, 1993, directed both parties to submit motions regarding the withdrawal of the guilty plea. In his motion to withdraw,[4] plaintiff, who for some unexplained reason was proceeding *pro se*, argued that he was denied his rights to due process and equal protection of the law when he entered his plea without first being informed of his rights to be heard and indicted by the grand jury, and that his plea therefore was unknowing, involuntary and unintelligent. The state court denied plaintiff's motion to

---

1. Because the court is treating Legal Aid's motion as a motion to dismiss, there is no need to reach the alternative motion for summary judgment.

2. In what appears to be a supplemental complaint against Legal Aid (bearing the same civil action number), plaintiff further alleges that Liebersohn "ill-manneredly advised plaintiff [in] relation to case [and] with held [sic] vital information from plaintiff."

3. More specifically, plaintiff alleges that he appeared before the court for sentencing on October 12, 1993, at which time he advised his counsel that his plea was involuntary; counsel so informed the court; and the court adjourned the case until October 18, 1993. Aff. D at pp. 2–3.

4. Plaintiff has annexed to the Complaint a copy of his motion before the state court pursuant to N.Y.Crim.Proc.Law § 220.60.

withdraw his guilty plea on December 6, 1993.

Plaintiff now seeks damages from all defendants in their "official" and "individual" capacities for his false arrest, malicious prosecution and violation of his "civil, state and federal rights."

## DISCUSSION

### I. Cross–Motion for Leave To Amend the Complaint

█ Turning first to plaintiff's cross-motion for leave to amend the Complaint, because plaintiff filed his motion to amend subsequent to the filing of an Answer by the Police Department and the Department of Corrections,[5] he may not amend the Complaint as of right; rather, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave of the court is required. *See* Fed. R.Civ.P. 15(a). The Supreme Court has interpreted Rule 15(a) to permit amendments only when the party seeking the amendment (1) has not unduly delayed, (2) is not acting in bad faith or with a dilatory motive, (3) when the opposing party will not be unduly prejudiced by the amendment and (4) when the amendment is not futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Thomas v. New York City*, 814 F.Supp. 1139, 1145 (E.D.N.Y. 1993); *Storwal Int'l, Inc. v. Thom Rock Realty Co., L.P.*, 784 F.Supp. 1141, 1143 (S.D.N.Y.1992). The grant or denial of a motion to amend is within the sound discretion of the district court, *Sugrue v. Derwinski*, 808 F.Supp. 946, 951 (E.D.N.Y.1992); however, leave to amend should be freely given, particularly in the case of a *pro se* civil rights plaintiff who has not yet had the benefit of discovery. *Mathis v. Clerk of First Dep't, Appellate Div.*, 631 F.Supp. 232, 235 (S.D.N.Y.1986).

### A. The Proposed Amendments

Here, plaintiff seeks leave to amend the Complaint in order to name as defendants the arresting officer, Timothy P. Breen; the warden of the New York City Department of Corrections, Edward Riley; and the Assistant District Attorney assigned to his case, Stephen Sturman. Plaintiff is granted leave to amend his Complaint to name the additional defendants; however, the court must consider whether permitting the substantive amendments, described below, would be futile.[6]

### 1. The Police Department

█ With respect to the Police Department and Officer Breen, plaintiff wishes to expand on his claim that he was arrested without "just or proper cause" by specifying that Officer Breen merely observed plaintiff "ride his bike through a yard" and "feeding a dog," and did not receive any report indicating that plaintiff was committing a crime. Proposed Amended Complaint ("Am. Compl.") ¶ 1. Plaintiff also seeks to include allegations that Officer Breen failed in his Answer to point to a specific fact upon which the search, seizure and arrest were predicated. Am.Compl. at p. 2. In his "Reply Memorandum of Law to Defendants' Answer," plaintiff describes in greater detail the circumstances surrounding his arrest; while plaintiff has not sought leave to include these additional allegations in the Amended Complaint, "[m]indful that a *pro se* litigant is not expected to be schooled in the art of pleading," *Sowell v. Sheinberg*, 1990 WL 127599, at *1 (E.D.N.Y. Aug. 10, 1990), the court will construe the allegations in this submission as part of the motion to amend.

█ Entry of a guilty plea ordinarily operates as a defense to a § 1983 action for arrest without probable cause. *Roundtree v. City of N.Y.*, 778 F.Supp. 614, 619 (E.D.N.Y. 1991) (*citing Cameron v. Fogarty*, 806 F.2d 380, 388 (2d Cir.1986), *cert. denied*, 481 U.S.

---

5. The Corporation Counsel alleges in the Answer that the District Attorney has not yet been served with the Summons and Complaint. Answer at p. 1 n. 1.

6. There has been no showing made by defendants that plaintiff unduly delayed in seeking to amend the Complaint, that he is acting in bad faith or with a dilatory motive, or that defendants will be prejudiced by granting plaintiff leave to amend.

1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987)). However, an invalid judgment of conviction— or an invalidly entered guilty plea—will not support this defense. *Id.; see also Unger v. Cohen,* 718 F.Supp. 185, 187 (S.D.N.Y.1989). While in his Complaint plaintiff purports to challenge the validity of his guilty plea, plaintiff is estopped from attacking the plea because the state court's order denying his motion to withdraw the plea is entitled to preclusive effect in this court. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984); *Allen v. McCurry,* 449 U.S. 90, 97–99, 101 S.Ct. 411, 416–18, 66 L.Ed.2d 308 (1980). Allowing plaintiff to expand on his claim that he was arrested without probable cause therefore would be futile, and this portion of plaintiff's motion to amend his Complaint is denied.

#### 2. *The Department of Corrections*

◼ As it relates to the Department of Corrections and Warden Riley, plaintiff proposes to allege that Warden Riley accepted plaintiff into his care, custody and control without first inquiring into the legality of plaintiff's arrest, and held plaintiff illegally. Am.Compl. at pp. 2–3. The only allegation with respect to the Department of Corrections in the Complaint as it now stands is that the Department of Corrections is "helping further [the] conspiracy and violations by unknowingly denying plaintiff his liberty rights guaranteed him[.]"

The court construes plaintiff's allegations as a claim for false imprisonment. This claim also is barred by the entry of plaintiff's guilty plea, *Roundtree,* 778 F.Supp. at 620, because plaintiff is precluded from challenging the validity of his plea due to the state court judgment denying his motion to withdraw the plea. *Migra,* 465 U.S. at 85, 104 S.Ct. at 898. In any event, the court finds it highly unlikely that the mere averment that the warden failed to look behind the facial validity of plaintiff's commitment order would state a claim against the Department of Corrections and Warden Riley. *Cf. Baker v. McCollan,* 443 U.S. 137, 145–46, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979) (arrest executed pursuant to facially valid warrant

generally does not give rise to a cause of action under § 1983 against arresting officer); *Roland v. E.W. Phillips,* 19 F.3d 552 (11th Cir.1994) (county sheriff and deputy sheriffs were entitled to absolute quasi-judicial immunity for acts done to enforce facially valid judicial orders). Hence the court concludes that it would be futile to permit the amendment, and plaintiff's motion to amend his Complaint with respect to the Department of Corrections is denied.

#### 3. *The District Attorney*

◼ As to the District Attorney and Sturman, plaintiff seeks to add allegations that he was prosecuted based on insufficient information, and that Sturman conspired with Liebersohn "to present false information to plaintiff, in relation to what he was being charged with." Am.Compl. at p. 4.

It is evident that permitting plaintiff to add these allegations would serve no useful purpose, because plaintiff's claim based on these allegations would be barred by the Eleventh Amendment to the extent that he seeks to hold these defendants liable in their official capacities, and by the doctrine of absolute immunity to the extent that plaintiff seeks to hold these defendants individually liable. *See Gan v. City of N.Y.,* 996 F.2d 522 (2d Cir.1993) (explaining immunity doctrines); *cf. Mathis,* 631 F.Supp. at 235–36 (denying motion for leave to amend complaint to name judges as defendants because it was clear that judges were immune from suit under § 1983). Plaintiff's motion to amend the Complaint with respect to the District Attorney and Sturman therefore is denied.

#### 4. *Legal Aid*

Finally, with respect to Legal Aid, plaintiff seeks to add allegations that Liebersohn violated the attorney-client privilege and Canon 7 of the Code of Professional Responsibility when he initiated plea-bargaining procedures without consulting with plaintiff. Am.Compl. at p. 3. Further, plaintiff alleges that his counsel's sole objective became that of the prosecuting attorney, in that he determined plaintiff's guilt without knowledge of the facts and thereby became a "co-conspirator"

with the other defendants. Am.Compl. at pp. 3–4.

Granting plaintiff's motion to amend this portion of the Complaint would be futile because, as explained below, plaintiff has failed to state a claim against Legal Aid, and the proposed amendments fail to cure the deficiencies in his Complaint. This portion of plaintiff's cross-motion therefore is denied, as well.

## II. *Motion to Dismiss*

Although Legal Aid premises its motion to dismiss on subprovisions (2), (4), (5) and (6) of Fed.R.Civ.P. 12(b), the only argument it has briefed on this motion is failure to state a claim pursuant to Rule 12(b)(6). Accordingly, this court now turns to the merits of that portion of the motion.

■ In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must take all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir.1989). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The admonition not to dismiss assumes greater weight if—as is the case here—the complaint alleges a violation of civil rights. *Easton v. Sundram*, 947 F.2d 1011, 1015 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Moreover, this court is mindful that *pro se* complaints are to be construed with even greater liberality. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir.1991).

### A. *The Civil Rights Claims*

Legal Aid argues that plaintiff's allegations concerning the violation of his civil rights by Legal Aid should be dismissed on the ground that Legal Aid has not acted under color of state law, as required to state a claim under 42 U.S.C. § 1983. In order to survive a motion to dismiss, a plaintiff pleading a claim under § 1983 need allege only that "some person acting under color of state law deprived the claimant of a federal right." *Green v. Maraio*, 722 F.2d 1013, 1016 (2d Cir.1983) (*citing Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)).

■ Legal Aid is correct, as far as it goes, that the Second Circuit expressly has ruled that Legal Aid is not a state actor. *Lefcourt v. Legal Aid Soc.*, 445 F.2d 1150, 1157 (2d Cir.1971) (holding that although Legal Aid provides services for indigent criminal defendants which governmental agencies otherwise might have to assume, it is a private institution "in no manner under State or City supervision or control"); *Housand v. Heiman*, 594 F.2d 923, 924–25 (2d Cir.1979) (public defenders and court-appointed defense attorneys do not "act under color of law"); *see also Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). However, this proposition does not go far enough. Rather, the Supreme Court has held that allegations that a private defendant conspired with state officials to deprive a plaintiff of a federally protected right may be sufficient to satisfy the "under color of state law" requirement of § 1983. *Tower v. Glover*, 467 U.S. 914, 923, 104 S.Ct. 2820, 2826, 81 L.Ed.2d 758 (1984) (finding allegations that public defender conspired with various state officials, including judges and former Attorney General, to secure plaintiff's conviction were sufficient to state a claim under § 1983).

■ Here, plaintiff has alleged that Legal Aid conspired with the other defendants to coerce him to enter a guilty plea, notwithstanding the deficiencies in the charges against him. Pursuant to *Tower*, these allegations are sufficient to satisfy the "under color of state law" requirement of § 1983. However, plaintiff has failed to detail instances of collusion sufficient to support the conspiracy claim, and his claim under § 1983 therefore cannot survive Legal Aid's motion to dismiss.

■ With respect to plaintiff's claim under 42 U.S.C. § 1985, the elements of a

cause of action under this section are that a defendant (1) engaged in a conspiracy, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, (3) acted in furtherance of the conspiracy, and (4) deprived such person of a federally protected right. *Sowell*, 1990 WL 127599, at *1 (*citing New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1358 (2d Cir.1989), *cert. denied*, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990)). In addition, the plaintiff must allege a racial or class-based invidiously discriminatory animus behind the conspirators' action. *Id.* (*citing Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971)). Finally, a constitutional conspiracy claim under § 1985 must be pleaded with at least some degree of particularity. *Feerick v. Sudolnik*, 816 F.Supp. 879, 888 (S.D.N.Y.), *aff'd*, 2 F.3d 403 (2d Cir.1993); *Laverpool v. New York City Transit Auth.*, 760 F.Supp. 1046, 1056 (E.D.N.Y.1991).

■ In this case, plaintiff has failed to state more than conclusory allegations in support of his conspiracy claim. *Accord San Filippo v. United States Trust Co. of N.Y., Inc.*, 737 F.2d 246, 256 (2d Cir.1984) (dismissing conspiracy claim where complaint alleged no specific facts suggesting that defendants had agreed to provide perjured testimony but only alleged that two witness-defendants had met with prosecutor prior to trial), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985). Moreover, he has failed to allege that defendants acted with a racial or class-based discriminatory intent. Plaintiff's claim under § 1985 therefore is insufficient to survive this motion to dismiss.

■ Furthermore, the court notes that even if plaintiff were to elaborate on the conclusory allegations contained in his Complaint, plaintiff's claims under both §§ 1983 and 1985 would be barred by the state court's denial of his motion to withdraw his guilty plea. Plaintiff's causes of action under these sections center around his allegations

that he was forced to enter a guilty plea; because the state court previously ruled that plaintiff could not withdraw his plea, plaintiff now is estopped from attacking that plea under the guise of a civil rights action. *Migra*, 465 U.S. at 84–85, 104 S.Ct. at 897.

### B. *The Legal Malpractice Claim*

Legal Aid construes plaintiff's rather ambiguous averments to plead an additional claim for legal malpractice. Construing the Complaint most generously in favor of plaintiff *pro se*, this court agrees that the Complaint could be read to allege legal malpractice on the part of Legal Aid.[7] In light of the conclusion reached above that plaintiff's federal claims must be dismissed, this court lacks an independent basis for jurisdiction over plaintiff's state law claim and, in the exercise of its sound discretion, may decline to exercise supplemental jurisdiction over that claim. *See* 28 U.S.C. § 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction."); *see also Beal v. City of N.Y.*, 1994 WL 163954, at *6 (S.D.N.Y. Apr. 22, 1994); *Cornett v. Bank of Cal. Int'l*, 1993 WL 254983, at *4 (S.D.N.Y. June 30, 1993). Because this court has dismissed all of plaintiff's federal claims, and in the interest of judicial economy, this court hereby dismisses plaintiff's state law claim for lack of jurisdiction. *Id.; cf. Dunton v. County of Suffolk*, 729 F.2d 903, 911 (2d Cir.1984) (holding that where federal claims were "patently meritless and insubstantial," district court did not have jurisdiction to retain state claims).

### CONCLUSION

In sum, for the reasons stated above, plaintiff's motion to amend the Complaint is granted only to the extent that plaintiff is given leave to name the additional individual

---

7. Given plaintiff's argument that "malpractice … is not the question before this court," Pl.'s Mem. at 6, it is doubtful that plaintiff intends to assert a legal malpractice claim. At the same time, however, the allegations plaintiff seeks to add to his Complaint with respect to the breach by Liebersohn of his professional obligations would seem to fall under the rubric of a legal malpractice claim. In the interests of judicial economy, this court will assume for purposes of this motion to dismiss that plaintiff is lodging such a claim.

defendants. Legal Aid's motion to dismiss is granted, without prejudice.

SO ORDERED.